802 P.2d 1074

**Luis Juan ROUZAUD,
Plaintiff–Appellee,**

**v.**

**Kim Marie MAREK,
Defendant–Appellant.**

**No. 1 CA–CV 89–302.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 25, 1990.

Reconsideration Denied Dec. 19, 1990.

Ronald I. Karp, P.C., Ronald I. Karp, R. Austin Goodale, Mesa, for plaintiff-appellee.

Thomas M. Shaw, Mesa, for defendant-appellant.

## OPINION

CONTRERAS, Judge.

This is an appeal from an order in a paternity proceeding in which the trial court modified prior rulings regarding custody, visitation, and support of the minor child and held the mother, Kim Marie Marek (Marek), in contempt of court. The trial court, after a hearing at which Marek's attorney entered a special appearance to challenge the personal jurisdiction of the court over Marek, concluded that Marek had left the state and was purposefully hiding herself from the father, Luis Juan Rouzaud (Rouzaud).

The question presented on appeal is whether the trial court's order authorizing notice of hearing to be served upon Marek's parents and upon her attorney was appropriate and satisfied constitutional due process requirements. We conclude that, under the circumstances presented, the

method of service was appropriate and satisfied due process requirements. Accordingly, we affirm the trial court's orders.

## FACTS AND PROCEDURAL HISTORY

In March of 1987, Rouzaud filed a complaint for paternity to have himself declared the father of a minor child born to Marek and to have shared custody awarded. Marek denied that Rouzaud was the child's father and resisted his request for joint custody. After trial in March of 1988, the trial court found that the overwhelming weight of the evidence showed Rouzaud to be the child's father. The trial court found no evidence of any unpaid expenses or present need of the child justifying an award of back child support. The trial court also found that, under the circumstances, it would be inequitable to award Marek back child support. The trial court awarded Rouzaud attorney's fees based on the finding that Marek's refusal to acknowledge Rouzaud's paternity was unreasonable. After a further proceeding in April of 1988, the trial court entered an award of shared custody, designating Marek as the primary residential parent and establishing a detailed visitation schedule for Rouzaud. It ordered Rouzaud to pay monthly child support. Finally, the court provided that either party could request review of the custody and visitation rulings after 180 days had passed from the date of entry of the court's minute order. Formal judgment encompassing these rulings was entered on July 18, 1988.

Marek's attorney filed an appeal on her behalf solely from the portion of the trial court's order which refused her request for an award of back child support. No appeal was taken from any of the trial court's other rulings. On appeal, this Court affirmed the trial court's order. *Rouzaud v. Marek*, 1 CA–CV 88–498 (memorandum decision filed December 5, 1990).

While the appeal was pending and following expiration of the 180–day period, Rouzaud on October 14, 1988, filed a petition requesting an evidentiary hearing and an order to show cause to hold Marek in contempt of court for failing to abide by the trial court's orders and to modify the prior order to make him the primary custodial parent. Rouzaud alleged in his pleadings that despite the trial court's earlier order giving him visitation rights, Marek had denied him any visitation with the child since April of 1988 and was refusing to inform him where she and the child were residing. Rouzaud indicated his belief that Marek and the child were residing in West Germany. This was based on the postmark of a letter he had received from Marek. The letter did not provide a return address. Rouzaud alleged that he had made repeated attempts to contact Marek with no success.

An order to show cause hearing was scheduled for December 2, 1988. Since Rouzaud could not locate Marek, he served copies of the pleadings on Thomas M. Shaw, the attorney who had represented Marek at trial in the paternity suit and who was then representing her in the appeal from the denial of back child support. As of October 14, 1988, attorney Shaw had also acted on Marek's behalf in filing documents with the trial court to obtain an order of assignment of Rouzaud's wages to pay monthly child support to Marek.

At the hearing on December 2, 1988, attorney Shaw entered a special appearance to challenge personal jurisdiction over Marek. He argued that under the circumstances presented, Rouzaud could not acquire personal jurisdiction over Marek by serving Shaw and that personal jurisdiction could only be acquired by serving Marek personally.

The trial court allowed Shaw to make a special appearance, but after hearing the arguments and considering the allegations of Rouzaud's petition, the court stated the following:

> Kim Marie Marek is purposefully hiding herself from Luis Juan Rouzaud and keeping the whereabouts of herself and her minor child a secret from him. The court further finds that Kim Marie Marek has sought and is seeking to enforce this court's order of July 18, 1988, by and through her parents Patricia and Elmer Marek, and in turn through her attorney,

Thomas M. Shaw. Kim Marie Marek has appealed a portion of the July 18, 1988 order and that appeal is still pending.

Having made these findings, the trial court determined that Rouzaud would be allowed to serve his petition for an evidentiary hearing and the order to show cause upon Marek by serving "in person any person of suitable age and discretion residing at the address of her parents, 3835 East Minton, Mesa, Arizona [which had been Marek's last known residence], or by serving either of her parents, Patricia and Elmer Marek and by serving her attorney, Thomas M. Shaw, which service has already been accomplished." The court also stated that if Rouzaud learned of any other address likely to give notice to Marek that the papers should also be delivered or mailed to that address. In the presence of both parties' counsel, the court then scheduled March 3, 1989, as the date for the order to show cause hearing.

Thereafter on January 13, 1989, Rouzaud served the petition and the order to show cause on Marek's mother, at a location away from her residence. At the hearing on March 3, 1989, neither Marek nor her attorney appeared, but Marek's mother who had been subpoenaed to testify was present. The court proceeded with the hearing and found that substituted service on Marek had been accomplished in accordance with the court's order of December 2, 1988. On the merits of the case, the court found, based on the evidence presented at the hearing, that there had been a substantial and continuing change of circumstances materially affecting the welfare of the child and that a change of custody would be in the best interest of the child. The court found that Marek had actual knowledge of the court's order of July 18, 1988, had the ability to comply with the order and willfully refused to do so. The court also found that Marek was willfully and contemptuously keeping the whereabouts of the child secret from the father and unlawfully cutting off all contact between the child and the father. The court further found that this conduct was not in the best interest of the child and was psychologically abusive to the child. Based on

these findings, the trial court held Marek in contempt, ordered that Rouzaud have sole custody of the child and that Marek have restricted visitation rights. It terminated the order for Rouzaud to pay support, ordered that Marek make monthly support payments of $270.00, and awarded attorney's fees to Rouzaud. The court also noted on the record that Patricia Marek, the mother of Kim Marie Marek, had been present during the full time that the court announced its order. The trial court signed a formal written order containing the above-mentioned rulings. Attorney Shaw, on Marek's behalf, filed the present appeal from that order.

## DISCUSSION

In this appeal we are asked to determine whether service of process was sufficient in this case so that the order entered modifying custody, visitation, and support of the minor child and holding Marek in contempt can be considered binding against her. Rouzaud effected service within the parameters the trial court had authorized by serving Marek's mother, personally, and by serving the petition and notice of the original hearing date upon attorney Shaw who also received actual notice of the rescheduled hearing date from the judge himself. Marek argues that this type of substituted service devised by the trial court was insufficient to satisfy the due process requirements of the state and federal constitutions.

Before considering Marek's arguments, we first address Rouzaud's contention that service on attorney Shaw alone would have been sufficient to bind Marek under the provisions of Rule 5(c)(1) of the Arizona Rules of Civil Procedure which provide that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court." Rouzaud contends that attorney Shaw continued to be Marek's attorney for purposes of obtaining personal jurisdiction over her through service on him because he continued throughout this time

period to represent her on an appeal from the original paternity order and in enforcement proceedings by obtaining the wage assignment order for her. Moreover, Rouzaud argues, the order from the original paternity hearing had provided for review of the order after 180 days.

■ Rouzaud has cited nothing that has convinced us that service upon attorney Shaw pursuant to Rule 5(c)(1) would have allowed the court to acquire personal jurisdiction over Marek for purposes of modifying the prior judgment. Rule 5(c)(2) provides that "[a]fter the time for appeal from a judgment has expired or a judgment has become final after appeal, the service of a motion, petition, complaint or other pleading required to be served and requesting modification, vacation or enforcement of that judgment, shall be served pursuant to Rule 4 as if serving a summons and complaint." Even though Marek was appealing the part of the original paternity order which denied back child support, the order had become final regarding all other issues. Therefore, service of Rouzaud's petition for enforcement and modification of parts of the order that had become final could not be made upon attorney Shaw because Rule 5(c)(2) rather than Rule 5(c)(1) would be applicable. The fact that the trial court had expressly authorized review in its original order does not alter the fact that Rouzaud was requesting modification and enforcement of a prior order which had become final.

■ After reviewing the record in this case we conclude that personal jurisdiction over Marek was obtained through Rouzaud's compliance with the express directions of the trial court, pursuant to A.R.S. § 8–404, regarding how to accomplish service. These directions consisted of the combination of the service that had already been made upon attorney Shaw and the additional personal service upon Marek's mother.

A.R.S. §§ 8–404 and 8–405 are special statutory provisions regarding the notice that should be given a parent in proceedings brought pursuant to the Uniform Child Custody Jurisdiction Act, A.R.S. §§ 8–401 to 8–424. A.R.S. § 8–404 provides that reasonable notice and opportunity to be heard shall be given to the parent and specifies that where a parent is outside the state, "notice and opportunity to be heard shall be given pursuant to A.R.S. § 8–405." A.R.S. § 8–405 provides that "[n]otice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice" and lists three specific ways in which service can be made. As a general way of serving notice, subsection (A)(4) provides that service may be made:

As directed by the court, including publication, if other means of notification are ineffective.

It is on this subsection of the statute that our discussion centers. Marek concedes that A.R.S. § 8–405(A)(4) gives the trial court discretion to fashion an appropriate means for a substitute service of process on a party to a child custody action if the party is outside of Arizona. She argues that A.R.S. § 8–405(A)(4) should not have come into play in this case for either of two reasons. First, she argues it does not apply because there was insufficient proof that Marek was no longer residing in Arizona. Second, she argues the statute's inapplicability because Rouzaud failed to demonstrate due diligence in trying to locate Marek so that she, herself, could have been served.

In arguing that there was insufficient evidence before the trial court that Marek was no longer in the state so that A.R.S. § 8–405 would become applicable, Marek contends that Rouzaud did not provide sufficient proof that Marek was in West Germany. She faults him for failing to attach a copy of the letter from West Germany he supposedly received from her and in failing to investigate certain local contacts which she claims may have revealed that she had not left the state.

Even if we were to conclude Rouzaud could have done more on his part to prove Marek was in West Germany, we would not find that the trial court had insufficient evidence to determine that Marek had relo-

cated there. Attorney Shaw acknowledged both at the hearing on December 2, 1988, and in a subsequent motion that Marek was residing in West Germany.[1] Because of Shaw's representation of Marek throughout this period of time, the trial court was entitled to consider this admission in determining whether she was no longer in Arizona. We conclude that the trial court had sufficient evidence from which to conclude Marek had left the state.

Similarly, we conclude there was sufficient proof of due diligence on Rouzaud's part in trying to locate Marek. Clearly, a showing of due diligence in trying to serve a summons personally is required before use of substituted service will be allowed. *See Brennan v. Western Savings and Loan Association,* 22 Ariz.App. 293, 526 P.2d 1248 (1974). The record establishes that Rouzaud was thwarted in his attempts to have Marek's parents help him find her and that they could have done so because they were in contact with her. Under these circumstances, where it is clear that Marek and her parents were withholding Marek's address and whereabouts from Rouzaud, we conclude due diligence was established without requiring him to make additional attempts to locate her within the foreign country.

The only question remaining is whether the notice provided to Marek through the combination of service upon her mother and upon her attorney, Shaw, who was then representing her in other related proceedings was sufficient to satisfy due process requirements of the state and federal constitutions. We conclude that, under the attendant circumstances of this case, due process was satisfied by the method used to serve Marek.

The United States Supreme Court has long recognized the authority of a state to acquire personal jurisdiction over one of it citizens who is absent from the state by various means of substituted service. *See,*

*e.g., Milliken v. Meyer,* 311 U.S. 457, 462–463, 61 S.Ct. 339, 342–343, 85 L.Ed. 278, 282–283 (1940). As the Supreme Court stated in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), due process requires merely the giving of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In further explaining how to determine whether a particular method of service satisfies due process, the Court stated:

> [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected ... or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

339 U.S. at 315, 70 S.Ct. at 657–658, 94 L.Ed. at 874 (citations omitted).

The Arizona courts have also recognized that the notice and opportunity for hearing sufficient to satisfy due process will vary with the nature of the case. *McClanahan v. Cochise College,* 25 Ariz.App. 13, 18, 540 P.2d 744, 749 (1975); *Saline v. Industrial Commission,* 16 Ariz.App. 204, 206, 492 P.2d 453, 455 (1972). What is required is that service of process be substantially likely to cause actual notice to be received. *Bowen v. Graham,* 140 Ariz. 593, 596, 684 P.2d 165, 168 (App.1984). As the Arizona Supreme Court stated in *Walker v. Dallas,* 146 Ariz. 440, 706 P.2d 1207 (1985) (quoting from Restatement (Second) of Judgments § 2, comment g):

---

1. This Court notes that appellant's counsel acknowledged at oral argument before this Court that Marek *resided in West Germany at the time* of the trial court proceedings and continues to reside there to this day. This is inconsistent with appellant's brief submitted to this Court in which appellant's counsel argues there was insufficient proof upon which the trial court could find that appellant had relocated outside of the local area. We find this argument disturbing in view of counsel's admissions to the trial court and to this Court.

The rule in *Mullane v. Central Hanover Bank & Trust Co.* recognizes that persons can be bound even if they cannot be found through reasonably diligent search. Assuming that such a search has been made, the fiction is indulged that publication notifies the absentee.... It is the search for the absentee that gives expression to the concern for the protection of his opportunity to be heard [rather than the notice by publication] ... publication of notice is a ceremony whose performance assures that the termination of the absentee's rights is not done in secret.

146 Ariz. at 445, 706 P.2d at 1207.

In *Walker*, the court overturned Arizona precedent which had held that personal jurisdiction could not be obtained over a non-resident motorist by service of publication pursuant to Rule 4(e)(3) of the Arizona Rules of Civil Procedure even if the defendant willfully evades service of process. Ever diligent to protect the interests of the individual, though, the court held that this method of service, which so seldom gives a defendant actual notice, could be used on a non-resident motorist when the motorist's insurer has notice of the lawsuit.

In the case before us, the evidence supports the trial court's finding that defendant Marek was willfully evading service. Even now on appeal and as she attacks the service that was made upon her, she appears only through her attorney and continues to keep her location secret. The evidence also demonstrates that Marek's parents were in communication with her and that attorney Shaw has continued to represent her in various matters throughout this period. Attorney Shaw indicated to the trial court at the December 2, 1988, hearing that it was his belief that Marek was in contact with her parents and that Marek's instructions were forwarded to him through her parents. The trial court concluded that the best way to convey actual notice to Marek would be to give notice to both attorney Shaw and to one of Marek's parents. Service was accomplished on at-torney Shaw and Marek's mother. We agree with the trial court that this method of service, which was very likely under the circumstances to cause Marek to have actual notice and which presumably did result in actual notice to her, was adequate and satisfies due process requirements of the state and federal constitutions.

We note that Marek has also argued that service on her mother was ineffective because it was made at a location away from her residence. She cites cases in which service upon a person at a place other than the person's usual place of abode was held to be insufficient. *E.g., United States v. N. Tully Semel, Inc.,* 88 F.Supp. 732 (D.Conn.1949); *Briscoe v. Getto,* 204 Kan. 254, 462 P.2d 127 (1969); *Kibbe v. Benson,* 17 Wall. 624, 84 U.S. 624, 21 L.Ed. 741 (1873). In these cited cases, service was being made pursuant to the authority of particular statutes specifying how service was to be made. These cases do not hold that service on a person away from his abode is never allowed. A.R.S. § 8–405(A)(4) explicitly authorizes the trial court to fashion a method of service reasonably calculated to give actual notice if other means are ineffective. Here the trial court, after finding that Marek was purposefully hiding from Rouzaud, fashioned a method of service that would almost certainly result in Marek having actual notice. Lastly, we note that attorney Shaw refused to stipulate at the trial court level that service by publication would confer jurisdiction. However, during oral argument before this Court, attorney Shaw argued that service by publication would indeed be a "good means" of service. It is clear that service by publication is expressly authorized by A.R.S. § 8–405(A)(4). However, we cannot conclude that the trial court erred in fashioning a method of service more likely to result in actual notice to Marek, who admittedly was in West Germany, than service by publication in Maricopa County.[2]

Having concluded that the service of process made in this case was sufficient to

**2.** Rule 4(e)(3) of the Arizona Rules of Civil Procedure provide that service by publication shall be placed in the newspaper in the county where the action is pending.

confer personal jurisdiction over Marek, we affirm the order entered by the trial court.

■ Rouzaud's request for attorney's fees on appeal pursuant to A.R.S. § 12–341.01(C) and § 12–349 is granted. We find that the appeal lacks merit. This Court further finds, in accordance with A.R.S. § 12–350, that Marek's actions in prosecuting this appeal were motivated, at least in part, by bad faith. The determination of the amount to be awarded pursuant to A.R.S. § 12–349 and the apportionment between Marek and attorney Shaw is re-served until Rouzaud's affidavits in support of attorney's fees and the objections thereto are filed and reviewed by the Court.

TAYLOR, P.J., and LANKFORD, J., concur.