Orlando Carter Snead III ("the father") appeals from the trial court's denial of his motion, filed pursuant to Rule 60(b)(4), Ala.R.Civ.P., seeking relief from a judgment entered in favor of Rosemary Elizabeth Snead ("the mother") on her petition for a rule nisi seeking enforcement of the trial court's 1993 modification of their divorce judgment. The trial court entered a judgment against the father for arrearages in his child-support obligation and in his postminority-support obligation. The father contends that the trial court erred in denying his Rule (60)(b)(4) motion challenging the service of process. *Page 570 
A brief summary of the proceedings between the parties is necessary to an understanding of the issue raised on appeal. The parties were divorced on October 18, 1983, after 13 years of marriage. Two children, a son and a daughter, had been born to the parties during the marriage. The father was employed during the marriage as a physician, practicing in the specialty of neurology. There is no evidence indicating whether the mother has ever been employed.
After the entry of the divorce judgment, there were several proceedings brought by the mother to enforce the father's support obligations and to modify the divorce judgment to accommodate the parties' changed circumstances. A modification judgment entered in 1990 is the first indication in the record that the father had relocated to Los Angeles, California. In a 1991 modification judgment, the trial court cited the father with contempt, finding him $6,137 in arrears in his obligation to pay the children's medical expenses.
In July 1999, the mother petitioned for a rule nisi that led to the entry of the judgment the father now challenges as void. In her petition, the mother stated that the father had failed to comply with the trial court's September 1993 modification judgment ordering the father to pay an amount in arrears for the children's medical expenses, college expenses for the older child, and $992 monthly child support for the minor child. The mother alleged in her petition that the father was in arrears in his child-support obligation in the amount of $11,904, excluding interest, and that the father had also failed to pay college expenses for both children and was in arrears on that obligation in the approximate amount of $49,000.
The mother subsequently encountered difficulties in attempting to serve the father with her rule nisi petition; the father had relocated to Canada, where he was working as chief of the department of neurology at a hospital in Toronto, Ontario. On March 22, 2000, the mother moved for an order allowing her to serve the father by certified mail, citing as authority Rule 4.3 and Rule 4.4, Ala.R.Civ.P. Those rules authorize substitute service on a party when the trial court determines that the party has deliberately avoided traditional service of process The mother supported her motion with the affidavits of James Barter and Kate Anthony-May, both court-appointed special process servers. In his affidavit, Barter reported trying to serve the father on September 20, 1999, at the Toronto hospital where he was employed. Barter reported going to the father's office and asking the father's secretary if he could see the father. The secretary informed Barter that the father was in the lab and would not come out. This scenario was repeated on two other occasions — on September 22 and September 27, 1999. Barter averred that, based on those experiences, it was his opinion that the father was attempting to avoid service. Anthony-May's affidavit reflects that she tried to serve the father a total of 17 times without success; the facts averred in her affidavit describe in detail each failed attempt. She averred that she had formed the opinion, based on her many failed attempts at personal service, that the father was avoiding service.
On March 23, 2000, the trial court granted the mother's motion and authorized her to serve the father both by certified and by first-class mail at the hospital address in Toronto, Ontario. Thereafter, the return receipt on the certified-mail envelope was returned "unclaimed." The rule nisi petition that had been sent to the father by first-class mail was not returned. *Page 571 
In an order entered on June 30, 2000, the trial court expressly concluded that the evidence demonstrated that the father was avoiding service of the action. The court further concluded that in light of its determination that the father was avoiding service and because the mother had previously sent to the father, by first-class mail, a copy of the rule nisi petition, which had not been returned, Rule 4.4(b)(5), Ala.R.Civ.P.,[1] authorized it to proceed to hear the claims raised by the mother in her petition. The court then, in the same order, adjudicated the merits of the mother's petition, directing the father to pay $11,004 in past-due child support, $20,000 in past-due college expenses for the son, and $30,000 in past-due college expenses for the daughter. On August 25, 2000, in response to the mother's postjudgment motion, the trial court amended its judgment, increasing the amount the father owed for the son's past-due college expenses to $30,000.
On January 15, 2002, the mother filed a writ of garnishment against the father's employer, seeking to collect on the August 25, 2000, judgment. On August 21, 2002, the father filed a Rule 60(b)(4) motion, seeking to set aside the August 25, 2000, judgment as void for lack of personal jurisdiction; the trial court denied his motion. The father timely appealed.
Generally, the grant or denial of relief from a judgment on a Rule 60(b) motion is within the trial court's discretion and will not be disturbed on appeal absent evidence of an abuse of discretion. BusinessRealty Inv. Co. v. City of Birmingham, 739 So.2d 523 (Ala.Civ.App. 1999). However, when the grant or denial of the Rule 60(b) motion turns on the validity of the underlying judgment, the trial court has no discretion in ruling on the motion and abuse of discretion is not the appropriate standard of review. Bieber v. Bieber, 623 So.2d 1163
(Ala.Civ.App. 1992). If the judgment is valid, the motion must be denied and the judgment must stand; if the judgment is void, the motion must be granted and the judgment must be set aside. Id. Rule 60(b)(4) authorizes a trial court, on motion, to relieve a party from a void judgment. A judgment is void if the court that entered the judgment lacked jurisdiction over the subject matter or over one of the parties or if it acted in a manner inconsistent with due process. Image Auto, Inc. v. MikeKelley Enters., Inc., 823 So.2d 655 (Ala. 2001).
The question on appeal is whether the trial court's order authorizing service of process by certified mail and by first-class mail satisfied constitutional due-process requirements where the trial court found that the nonresident father was avoiding personal service of process.
The father argues that he was not served by a process server as required by Rule 4.4(b)(2), Ala.R.Civ.P., and argues that the attempted service by certified mail under Rule 4.2(b)(1)(C) failed when it was returned "unclaimed." He further argues that Rule 4.4(b) and Rule 4.3(e) limit service by first-class mail to situations where notice by publication is permissible and that notice by publication was not permissible under these facts.
Rule 4.4 applies to service of process in foreign countries. Rule 4.4(a) allows service of process on a person with sufficient minimum contacts with the state, who at the time of service is a nonresident of the state.[2] Rule 4.4(b) provides several *Page 572 
methods of service of process in foreign countries, including service by a process server. Rule 4.4(b)(2).
In the present case, two process servers each attempted personal service on the father. The father contends that under Rule 4(c)(1), service of process must be served on the individual or left at the individual's "dwelling house or usual place of abode" with a person of suitable age and that there is no evidence in the record that he was served by a process server. He argues "to the contrary, [the mother] asked the court to issue an order to allow her to attempt service by certified and first class mail." We note that there is no discussion in the father's brief of the underlying facts regarding his avoidance of the two process servers. The two affidavits by the process servers filed with the mother's motion requesting the use of an alternate means of service support the trial court's finding that the defendant had avoided personal service.
 "Personal service guarantees actual notice of the pendency of a legal action; it thus presents the ideal circumstance under which to commence legal proceedings against a person, and has traditionally been deemed necessary in actions styled in personam. McDonald v. Mabee, 243 U.S. 90, 92 (1917). Nevertheless, certain less rigorous notice procedures have enjoyed substantial acceptance throughout our legal history; in light of this history and the practical obstacles to providing personal service in every instance, we have allowed judicial proceedings to be prosecuted in some situations on the basis of procedures that do not carry with them the same certainty of actual notice that inheres in personal service."
Greene v. Lindsey, 456 U.S. 444, 449 (1982) (emphasis added).
In Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 314
(1950), the United States Supreme Court stated that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." We evaluate the alternate methods of service of process used in this case in light of this standard.
Rule 4.4(b)(5) provides that a defendant residing in a foreign country may be served "as directed by order of the court in which the action is pending." In the present case, the trial court ordered service by certified mail and service by first-class mail after it was shown that the father was willfully evading service of process. Service by both certified mail and first-class mail to the father's workplace was reasonably calculated to apprise the father of the pendency of the present action.
We find persuasive RIO Properties, Inc. v. RIO InternationalInterlink, 284 F.3d 1007 (9th Cir. 2002). In RIO, the plaintiff, a hotel and casino operator, brought a trademark-infringement suit against a Costa Rican Internet business entity. The plaintiff attempted to serve the defendant at a Florida address used by the defendant's international courier to receive mail. An investigator was unable to locate the foreign address in Costa Rica. Because the plaintiff was unable to serve the defendant by conventional means, the district court ordered alternate means of service of process. Rule 4(f)(3), Fed.R.Civ.P.,[3] provides for service of process upon defendants in a *Page 573 
foreign country "by other means not prohibited by international agreement as may be directed by the court."
The United States Court of Appeals for the Ninth Circuit concluded in RIO that court-ordered alternate service of process through regular mail to the attorney who had been consulted by the defendant and to the Florida address of the courier, and by electronic mail ("E-mail") to the defendant, did not violate due process. All three methods were reasonably calculated to notify the defendant. Service on the courier was proper because the defendant relied upon it to operate its business in the United States. Service on the attorney was appropriate because he had been specifically consulted by the defendant regarding the lawsuit. Service by E-mail was appropriate because the defendant did not have a physical location and relied on the computer to operate its business. See also Rouzand v. Marek, 166 Ariz. 375, 802 P.2d 1074 (1990) (substituted service of process on the mother's parents in custody-modification case did not violate due process where the mother had left the country and was attempting to avoid service of process); International Controls Corp. v.Vesco, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address where individual defendant successfully evaded process servers).
The father argues that service by certified mail failed under Rule 4.2(b)(1)(C) because the mail was returned "unclaimed." In Vogus v.Angry, 744 So.2d 934 (Ala.Civ.App. 1999), the plaintiffs attempted to serve the defendants by certified mail, but the summonses and complaints were eventually returned "unclaimed." The plaintiffs then moved to serve the defendants by publication, alleging that the defendants were avoiding service of process by refusing to accept proper service via certified mail. This court held that the return of certified mail as unclaimed was not avoidance of service of process and, therefore, did not justify service by an alternate means. Vogus is distinguishable from the present case because, in this case, service by certified mail and first-class mail were the alternate forms of service authorized by the trial court subsequent to the father's evading personal service of process.
The father argues that service by publication is not permissible under Rule 4.3 and, therefore, Rule 4.3(e), which limits service of process by first-class mail to situations where a plaintiff in a domestic-relations case cannot afford to pay the cost of publication, prevents service by first-class mail.[4] We agree that service by publication under Rule 4.3 is not permissible. Rule 4.3(b) provides:
 "(b) Residence Known; When Publication Appropriate. When the residence of a defendant is known and the action is one in which service by publication is permitted, service of process must first be attempted by one of the methods of service other than publication as is provided by Rule 4.1, if the defendant is a resident of this state, or Rule 4.2, if the defendant is not a resident of this state or is a resident of this state who is absent from the state, or Rule 4.4, if service on the defendant is to be effected in a foreign country."
(Emphasis added.) In the present case, service under Rule 4.4 must be attempted before Rule 4.3 would apply.[5] Nevertheless, *Page 574 
we disagree with the father that alternate service by first-class mail is limited solely to situations coming under Rule 4.3(e). Nothing in Rule 4.4(b)(5) limits the method of service that can be ordered by the court. Instead, the method of service of process ordered must be reasonably calculated to give notice to the defendant. Mullane,339 U.S. 306.
The judgment of the trial court is affirmed.
AFFIRMED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] Rule 4.4(b)(5) authorizes service on a defendant in a foreign country in any manner "as directed by order of the court in which the action is pending."
[2] Rule 4.4 incorporates a reference to Rule 4.2(a) regarding the bases for jurisdiction beyond state lines.
[3] Rule 4(f), Fed.R.Civ.P., is similar to Rule 4.4, Ala.R.Civ.P., regarding service of process on individuals in a foreign country.
[4] Rule 4.3(e) "provides an economical alternative to publication in domestic proceedings when the plaintiff is unable to pay the cost of publication." Committee Comments, on 1977 Complete Revision, ARCP 4.3.
[5] We recognize that Rule 4.3(c) addresses avoidance of service and when notice by publication is proper. However, Rule 4.3(c) applies to "resident" defendants and to domestic or foreign corporations having a principal place of business in Alabama which have failed to elect an officer or to appoint agents who can be served. It does not apply in the present case, because the father does not reside in Alabama. We also recognize that Rule 4.3(a)(1) allows substituted service in a domestic-relations case where a defendant's whereabouts are unknown or where a resident defendant has been absent from the state for more than 30 days. In the present case, it has been shown that the father's whereabouts are known and that he is not a resident of this state. Therefore, Rule 4.3(a) does not apply.