MURDOCK, Justice.
Volcano Enterprises, Inc., d/b/a Club Volcano (“Volcano Enterprises”), appeals from the denial of its Rule 60(b)(4), Aa. R. Civ. P., motion to set aside the judgment entered against it in a wrongful-death action filed by Peggy Bender Rush, as ad-ministratrix of the estate of her husband Derric Edwin Rush and as the widow of Derric Edwin Rush, and by Dashton Rush, the Rushes’ minor son, by an through his mother and next friend, Peggy Bender Rush (hereinafter collectively referred to as “Rush”). We reverse and remand.

I. Facts and Procedural History

This appeal stems from a default judgment entered against Volcano Enterprises based on its failure to answer a complaint served upon it by publication under Rule 4.3, Aa. R. Civ. P. For purposes of this appeal, the uncontested facts provided in *214 Rush’s complaint are the only facts properly before us.
In pertinent part, the complaint alleges that police officer James Lenoir Kendrick met a friend of his, an off-duty police officer, at Club Volcano (sometimes referred to hereinafter as “the club”) after Kendrick’s shift had ended. The complaint alleges that Kendrick consumed a substantial amount of alcohol while sitting in a parked vehicle in the parking lot of the club, after which he entered the club with his friend. The complaint further alleges that Kendrick “remained for several hours” in the club, that while there he “became visibly intoxicated,” and that, “despite his “visibly intoxicated condition, [he] was served additional alcohol and allowed to leave in an intoxicated condition.” Finally, the complaint alleges that, in his intoxicated condition, Kendrick drove his vehicle in a manner that caused the death of Derric Edwin Rush.[1]
On August, 11, 2011, Rush filed the complaint in the Jefferson Circuit Court, naming as defendants Kendrick and Volcano Enterprises and seeking damages based upon a claim of “wrongful death.” Daryl Williams is the owner of Volcano Enterprises and its designated agent for service of process. Rush attempted to serve Volcano Enterprises by attempting to effect personal service on Williams in that capacity.
In a “Motion for Extension of Time to Serve Defendant Volcano Enterprises and Service by Publication” filed by Rush on December 12, 2011, Rush’s counsel stated:
“On September 29, 2011, we received a ‘No Service’ notice from the Clerk’s office. On November 9, 2011, plaintiffs’ counsel was notified that the summons and complaint could not be served on Daryl Williams, the registered agent for Volcano Enterprises, Inc., at 836 Spring Street, Birmingham, Alabama, due to it being destroyed in the [April 2011] tornado. In addition to efforts by the Jefferson County Sheriff Department to serve Daryl Williams, the registered agent for Volcano Enterprises, plaintiffs’ counsel has attempted service through an alias summons by personal process server.”
Rush attached to the motion an affidavit from Scott Hadly, a hired process server, in which Hadly averred, in pertinent part:
“2. I have made the following efforts to serve Daryl Williams, the registered agent for Volcano Enterprises, at Club Volcano:
“11/19/11 @6:08pm. Spoke with man inside bar icing down the beer, who told me he did not know of a Daryl Williams, that the bar manager was named Leonard Smith and I should come back when he was on.
“11/20/11 @6:57 pm no one there— could not get in.
“11/27/11 @7:14pm could not get in.
“11/27/11 @7:14pm no one admitted to being or knowing a Daryl Williams.
“12/3/11 @9:08 pm Same thing, no one would admit knowing anyone by that name.
“3.... Volcano Enterprises, Inc., d/b/a Club Volcano, is aware of the many efforts I have made to perform service. [Volcano Enterprises] employees have been informed of the nature of the papers to be served and that there is a lawsuit pending against Volcano Enterprises.”
*215 Additionally, on December 9, 2011, Hadly signed a “Return of Service” stating that the summons and complaint had not been served on Volcano Enterprises because Volcano Enterprises had “avoided service.”
In the motion for service by publication, Rush noted that,
“[p]ursuant to Rule 4.3[, Ala. R. Civ. P.], numerous efforts have been made to serve Daryl Williams, the only known registered agent of Volcano Enterprises. Plaintiffs’ counsel, through their process server, has been informed that Daryl Williams cannot be found in the state of Alabama and that his home was destroyed by the April tornado. Plaintiffs’ counsel moves the Court to deem these circumstances as evidence of service under Rule 4.3(c) and allow service by publication to defendant Volcano Enterprises.”
On December 19, 2011, the trial court granted the motion to serve Volcano Enterprises by publication. Thereafter, Rush had an affidavit of publication published in the Alabama Messenger, a semi-weekly newspaper published in Jefferson County, for four consecutive weeks on February 8, 2012, February 15, 2012, February 22, 2012, and March 1, 2012. Volcano Enterprises did not file an answer or make any appearance in the action.
On April 18, 2012, Rush filed an application for a default judgment against Volcano Enterprises. The following day the trial court entered a default. judgment against Volcano Enterprises and in favor of Rush with leave to prove damages.
A jury trial on the claims against Kendrick and on the issue of damages as to Volcano Enterprises was held on February 25, 2013. The jury entered a verdict on February -27, 2013, in favor of Rush and against Kendrick. On March 1, 2013, the trial court entered a final order pursuant to the verdict, awarding $3.25 million in damages against Kendrick, who appeared and defended against the action, and $37 million in damages against Volcano Enterprises.
On March 29, 2013, Volcano Enterprises filed a “Motion to Alter, Vacate, or Amend or in the alternative Motion for a New Trial.” Pertinent to this appeal, the motion sought to set aside the default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P., on the ground that “said judgment is void due to the lack of in personam jurisdiction over [Volcano Enterprises] because proper service has not been effected pursuant to Rule 4.3 of the Alabama Rules of Civil Procedure.”[2] Volcano Enterprises contended that Rush did not present facts sufficient to warrant service by publication based on avoidance of service by Volcano Enterprises. In support of its motion, Williams filed an affidavit executed on March 29, 2013,[3] that provided, in pertinent part:
“3. The physical office of Volcano [Enterprises] for the Registered Agent, as registered with the Secretary of the State of Alabama is 836 Spring Street Birmingham, AL 35214, which is my personal residence.
“4. In April of 2011, my personal residence was struck by a tornado and totally destroyed. As soon as practical, and after public access was granted to the *216 area, the mailbox which serviced the address was fully functional. I have continued to receive mail at the physical address of the Registered Agent through the present date and have received no mail, certified mail, registered mail or any other correspondence or communication regarding any attempt or effort to deliver legal documents to me as the Registered Agent for Volcano [Enterprises] and which pertain to the litigation in this case.
“5. Although I am the Registered Agent for Volcano [Enterprises], I do not manage the [Club] Volcano and do not attend to its daily functions. I do not participate in its day to day operations.
“6. I have two (2) managers who handle the day to day operations and who deal with and communicate with the employees of the facility. Neither the management nor the employees are Registered Agents of Volcano [Enterprises] and are not authorized and have never been authorized to accept process on behalf of Volcano [Enterprises].
“7. I first learned about the lawsuit against Volcano [Enterprises] after entry of judgment when I was informed by an acquaintance that they had heard about the judgment on the news.... ”
On April 30, 2013, Rush filed a response in opposition to Volcano Enterprises’ motion. Rush attached to her response a copy of court records showing that over 30 filings had been mailed to Williams’s home address during the course of litigation and that none of those filings had been returned as undelivered. The filings included, among other documents: Kendrick’s answer to the complaint, subpoenas to various nonparties, Kendrick’s motion for leave to appear at trial, motions in li-mine — including one such motion filed by Rush specific to Volcano Enterprises, the parties’ proposed jury charges, and the court order entering judgment on the jury verdict.
Additionally, in an effort to refute Williams’s assertion that he was not involved in the daily functions of Club Volcano, Rush submitted excerpts from- files of the Alabama Alcoholic Beverage Control Board (“the ABC Board”) pertaining to Volcano Enterprises. Those documents showed that during the period leading up to the incident, Williams signed and filed documents with the ABC Board on behalf of Volcano Enterprises. The filings included affidavits executed by Williams for the renewal of Club Volcano’s liquor licenses, over the course of several years[4] and documents showing that at least two separate inspections of Club Volcano were performed by ABC Board agents in 2009, during which violations were found and for which Williams had signed violations notices and had paid fines, that án ABC Board agent had personally served Williams with an insufficient-fund/payment notice, and that payments had been made to the ABC Board on behalf of Club Volcano by money orders signed by Williams. Rush also submitted a copy of a complaint Williams had filed in the Madison Circuit Court against the City of Huntsville in February 2013 on behalf of Volcano Enterprises for its establishment in Huntsville, which averred that “Mr. Williams has twenty years of experience owning, man *217 aging, and operating adult entertainment clubs.”
Volcano Enterprises filed a motion to strike Rush’s evidentiary submissions. Volcano Enterprises argued that the submissions were filed late under Rule 59(c), Ala. R. Civ. P., and that the submissions were not relevant to demonstrating that Williams actively managed Club Volcano. On May 21, 2013, the trial court denied Volcano Enterprises’ motion to strike.
On May 2, 2013, the trial court held a hearing oh Volcano Enterprises’ motion to set aside the default judgment. On May 21, 2013, the trial court entered an order denying Volcano Enterprises’ motion to set aside the default judgment, concluding, among other things, that it did not find Williams’s affidavit credible in certain respects.[5] Among other things, the court stated that it “reasonably inferred that Club Volcano employees probably knew Daryl Williams and that they probably would not falsely state to a process server that they did not know Daryl Williams unless they were involved in the process of avoiding service as instructed by managers, officer, or agents of Club Volcano.”
Volcano Enterprises filed a timely appeal of the trial court’s judgment.

II. Standard of Review

“A trial court’s ruling on a Rule 60(b)(4) motion is subject to de novo review. Bank of America Corp. v. Edwards, 881 So.2d 403 (Ala.2003). In Bank of America, supra, our supreme court stated:
“ ‘ “ ‘The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).’ ” ’
“881 So.2d at 405, quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991). See also Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000).
“The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void. Cameron v. Tillis, 952 So.2d 352 (Ala.2006); Image Auto, Inc. v. Mike Kelley Enters., Inc., supra. In Bank of America, supra, our supreme court also stated:
“ ‘ “One of the requisites of personal jurisdiction over a defendant is ‘perfected service of process giving notice to the defendant of the suit being brought.’ Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983). ‘When the service of process on the defendant is contested as being improper or invalid, the burden of *218 proof is on the plaintiff to prove that service of process was performed correctly and legally.’ Id. A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).” ’
“881 So.2d at 405, quoting Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993).”
Nichols v. Pate, 992 So.2d 734, 736 (Ala.Civ.App.2008).

III. Analysis

A default judgment was entered against Volcano Enterprises based on its failure to answer a complaint. Rule 4.3(c), Ala. R. Civ. P., addresses this situation and provides, in pertinent part, that,
“[wjhen a defendant avoids service and that defendant’s present location or residence is unknown and the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt shows a failure of service, the court may, on motion, order service to be made by publication.”
The committee comments to Rule 4.3 observe that
“more than mere inability to find the defendant is required because of the use of the term ‘avoidance’ of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication.”
Rule 4.3, Ala. R. Civ. P., Committee Comments on 1977 Complete Revision (emphasis added).
Volcano Enterprises argues that Hadly’s affidavit did not demonstrate the culpability necessary to find avoidance of service rather than a mere failure on his part to find the defendant. We agree.
Although there is no requirement for such in the Alabama Rules of Civil Procedure, it is worth noting that, following the failed attempt to achieve personal service upon Williams at the club, and despite having a mailing address for Williams at which he had clearly received a great deal of mail in this case, Rush did not attempt service by certified mail. She attempted personal service in two ways. First, the sheriff attempted to serve process by physically visiting Williams’s residence, only to find that it had been destroyed by a tornado. The other attempt at personal service was made by sending Hadly, a hired process server, to the club in an effort to locate Williams at that location.
Even giving Hadly’s affidavit a generous reading, he merely attested that he visited the club on three occasions[6] over a two-week period and that, on each visit, he talked to at least one employee of the club who informed him that he or she did not know anyone by the name Daryl Williams.[7] On one of those visits, however, an employee with whom Hadly spoke recommended to Hadly that he return on another occa *219 sion when he could speak with one of the managers, a man identified by the employee as Leonard Smith. The affidavit submitted by Hadly does not state that Hadly ever attempted to follow this recommendation.[8]
Ultimately, this is a case in which the trial court inferred that a process server spoke with a club employee on each of three occasions, that those employees did in fact know Daryl Williams, and that, moreover, those employees had been instructed by Daryl Williams to deny that they knew him. There is a substantial question of the sufficiency of the evidence to support the trial court’s inferences. In addition, there is no evidence indicating that, on any of the occasions on which Hadly visited Club Volcano, Williams was in fact present at the club or that, even if the employees knew Williams, any of those individuals had any information regarding Williams’s physical whereabouts that they could have shared with Hadly. Based on the facts before us in this particular case, we cannot conclude that the averments of Hadfys affidavit are sufficient to justify a finding of anything other than that Hadly simply did not find Williams at the club on the three occasions he visited there.
The burden of proving “avoidance of service” in order to justify service by publication is on the plaintiff. See, e.g., Nichols v. Pate, 992 So.2d 734, 737 (Ala.Civ.App.2008). With one exception, Rush does not identify any of the persons with whom the process server spoke; none of them were called as witnesses; and there is no evidence indicating that any of them did in fact know Daryl Williams, despite the fact that he was the owner of the club and was listed as its registered agent. A fortiori, there is no direct evidence that any of these employees had been instructed by Williams to lie on his behalf.
Volcano Enterprises likens this case to Fisher v. Amaraneni, 565 So.2d 84, 87-88 (Ala.1990), in which this Court stated:
“In the official comments to Rule 4.3(c), it is stated that ‘more than mere inability to find the defendant is required because of the use of the term “avoidance” of service. Without this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in per-sonam judgment by publication.’ In Federal Deposit Ins. Corp. v. Sims, 100 F.R.D. 792, 796 (N.D.Ala.1984), a district court, interpreting Rule 4.3, [Ala.] R. Civ. P., stated the following:
“ ‘It is obvious that the draftsmen required proof of “culpability” or a “hiding out” by a defendant before suggesting that an in personam judgment can be entered on service by publication.’
“In Gross v. Loewen, 522 So.2d 306 (Ala.Civ.App.1988), the court held that a wife’s affidavit stating that ‘the defendant [her husband] is avoiding service, as service attempted by certified mail ivas returned undelivered ’ was an insufficient averment of facts showing that her husband had avoided service of process; therefore, the affidavit did not satisfy the requirement of Rule 4.3(d)(1), and service by publication in that case was improperly allowed by the trial court. Consequently, the trial court’s judgment in that case was void, since *220 the court had not acquired personal jurisdiction over the defendant.
“In this case, the plaintiffs essentially stated in their affidavit that because the process server had failed in six (6) attempts to serve process upon the Fishers at their residence and had returned the process to the circuit clerk’s office endorsed ‘not found’ that such ‘facts’ were sufficient to show avoidance of service on the Fishers’ part and to allow the trial court to authorize service by publication. We disagree.
“A reading of the plaintiffs’ affidavit does indicate that the process server attempted on numerous occasions to serve process on the Fishers at their residence and was unable to serve them because of their absence, an absence that the process server was told was due to the Fishers’ presence in California, but these ‘facts’ are not enough to show that the Fishers avoided service of process.
“We cannot hold, under the facts of this case, that the conclusory statements made in the plaintiffs’ affidavit that the Fishers were avoiding service, coupled with the process server’s failed attempts to perfect service of process upon them and his later endorsement of the returned process as ‘not found,’ are sufficient to satisfy the requirement of Rule 4.3(d)(1), [Ala.] R. Civ. P., so that service by publication was proper.”
(Footnote omitted.) See also, e.g., Wachovia Bank, N.A. v. Jones, Morrison & Womack, P.C., 42 So.3d 667, 689 (Ala.2009); Nichols v. Pate, 992 So.2d at 738; and Wagner v. White, 985 So.2d 458, 461-62 (Ala.Civ.App.2007).
Rush seeks to rely upon a 2003 Court of Civil Appeals’ opinion, Snead v. Snead, 874 So.2d 568 (Ala.Civ.App.2003). In that case, a special process server visited the office where a defendant was known to be present and spoke to the defendant’s secretary in an outer office. The secretary informed the process server that the defendant was, in fact, in the building, in what she referred to as “the lab,” but that he “would not come out.” Unlike the evidence in the present case, the evidence in Snead made clear that an employee of the defendant did in fact know the defendant, that the defendant was in fact on the premises at the time of the process server’s visit, and that the defendant refused to “come out,” a scenario that was repeated on three separate occasions. The evidence presented by Rush simply does not rise to the same level as the evidence presented by the plaintiffs in Snead.
In this case, Rush no doubt was frustrated by the inability of her process server to find Williams at the club on the several occasions he visited that establishment. Again, however, the mere inability to find a defendant is not a sufficient ground for service by publication. Without implicating the “substantial constitutional questions” relating to due process referenced in the Committee Comments to Rule 4.2, Ala. R. Civ. P., we cannot license the use of service by publication without the presentation of more evidence of the avoidance of service than was presented by Rush in this case.

IV. Conclusion

Rush had the burden of demonstrating that Williams avoided service, which necessarily involves a level of culpability on the part of the defendant, such as hiding out or actively avoiding service, rather than just an inability to serve the defendant. Hadly’s affidavit did not establish such avoidance of service, and Rush presented no other evidence. Without proper service, the judgment is void. Accordingly, the trial court erred in failing to grant Volcano Enterprises’ Rule 60(b)(4) motion *221 to set aside the default judgment against Volcano Enterprises.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ., concur.

. The record indicates that Kendrick eventually was convicted of reckless manslaughter in connection with these events.

. In the motion, Volcano Enterprises also made arguments for a remittitur and for a new trial.

. Volcano Enterprises provided other submissions in support of its motion, but those submissions pertained to arguments in its motion that did not address the issue of service of process, which is the only issue before us in this appeal.

. In a July 2009 application for an ABC license renewal for Club Volcano, Williams certified that he was the "sole owner” of Volcano Enterprises and that Volcano Enterprises had the minimum required liability insurance for such an establishment of $100,000 with "Colony Insurance Co.” Rush demonstrated during the trial on damages that this representation by Williams was false.

. Our holding today does not depend on a finding of credibility on the part of Williams, or upon any of the information contained in his affidavit. Instead, our holding is based on the facts that the burden of proof for showing avoidance of service fell on Rush and that the limited facts presented to the trial court in Hadly’s affidavit do not rise to a level sufficient to justify such a finding.

. On a fourth visit, Hadly "could not get in” the club.

. For that matter, Hadly's affidavit explicitly states that he spoke with an employee of the club on only the first of his visits to the club, November 19, 2011. As to the descriptions of visiting the club on November 27 and December 3, no similar averments are included in Hadly’s affidavit; instead, he simply states that, on those occasions, "no one” stated that they knew Williams. He does not expressly aver that he spoke with any persons who were working at the club on either of those occasions.

. Hadly does not aver that he asked the unidentified employee for a telephone number or other means by which he might contact Smith or that he inquired as to what day and time he should return to the establishment in an effort to find Smith in person. Nor does Hadly aver that he left his own contact information with the employee to relay to Smith.