**Gene T. STOEHR, Plaintiff,**

v.

**AMERICAN HONDA MOTOR COMPANY, INC., and Honda Motor Company, Ltd., Defendants.**

**No. Civ. 76–0–296.**

United States District Court,
D. Nebraska.

March 9, 1977.

---

Edward F. Fogarty, Omaha, Neb., for plaintiff.

James L. Quinlan, Omaha, Neb., for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter has come before the Court for determination following a hearing on the motion of defendant Honda Motor Company, Ltd. (hereafter Honda, Ltd.) to dismiss (Filing No. 7). This defendant contends that it is not subject to the jurisdiction of this Court and that it has not been properly served with process.

Honda, Ltd., is a corporation organized and operating under the laws of Japan which manufactures motorcycles and other vehicles as well as parts and accessories for world-wide distribution. All Honda products imported into the United States are purchased from Honda, Ltd., by defendant American Honda Motor Company, Inc. (hereafter American Honda), a wholly owned subsidiary of Honda, Ltd., in Japan and imported by American Honda. Honda, Ltd., has no separate presence in the United States and has not appointed an agent for service of process.

Notwithstanding the absence of any physical presence in this jurisdiction, personal jurisdiction over defendant Honda, Ltd., is appropriate in this case under Nebraska Revised Statute, Section 25–536 (Reissue 1975), which provides:

*Jurisdiction over a person.* (1) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:

(a) Transacting any business in this state;

(b) Contracting to supply services or things in this state;

(c) Causing tortious injury by an act or omission in this state;

(d) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(e) Having an interest in, using, or possessing real property in this state.  .  .

■ This Court has consistently held that a non-resident manufacturer which has placed its products in the stream of commerce with the knowledge and expectation that those products will reach the ultimate consumers throughout the country, including this state, may be subjected to the long-arm jurisdiction of the court consistent with due process. *Blum v. Kawaguchi*, 331 F.Supp. 216 (D.Neb.1971). *See also Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.*, 333 F.Supp. 187 (D.Neb. 1971); *Vergara v. Aeroflot "Soviet Airlines,"* 390 F.Supp. 1266 (D.Neb.1975). In *Hetrick v. American Honda Motor Company, et al.*, Civ. 75–0–222 (D.Neb. October 25, 1976), Judge Denney found that assertion of personal jurisdiction over defendant Honda, Ltd., was proper in an action which is substantially identical to the instant one. This Court concurs with Judge Denney's well-reasoned opinion. Therefore, the first aspect of defendant's motion will be overruled.

The second aspect of defendant's motion has merit. Process was served on the registered agent of defendant American Honda under the theory that American Honda is an agent of Honda, Ltd., and so qualified to accept service of process for Honda, Ltd. To support this theory plaintiff points to the following:

1) American Honda is a wholly owned subsidiary of Honda, Ltd.

2) American Honda is in effect the agent of Honda, Ltd., in this country because (a) it is the exclusive importer and distributor of Honda products; (b) at least three directors and one officer of American Honda are directors of Honda, Ltd.; (c) the two corporations utilize consolidated financial reporting; and (d) retail sales agreements entered into by Honda dealers and American Honda as the licensing agent of Honda, Ltd., authorize use of Honda trademarks owned by Honda, Ltd.

■ It has been observed that:
Service on a proper agent of a subsidiary corporation may constitute sufficient service on the parent corporation, but * * * the parent-subsidiary relationship alone does not establish the necessary agency for making service on one through the other.
4 Wright and Miller, Section 1104, citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Young v. Albert Pick Hotels Corp.*, 126 U.S.App.D.C. 155, 375 F.2d 331 (1967).
*See also Fletcher Cyclopedia of Corporations*, Section 8773.

■ As a matter of due process a corporation which is subject to the jurisdiction of the Court on grounds other than and in addition to the presence of a subsidiary within the jurisdiction (as is the case here) is entitled to adequate notice of the pending lawsuit by service of process in accordance with controlling law. In the instant diversity action, jurisdiction was asserted and process served under Nebraska law as provided by Fed.R.Civ.P. 4(d)(7) and 4(e). Nebraska law permits service on an officer or managing agent of a corporation (Neb.Rev. Stat. § 25–511 (Reissue 1975)), on the registered agent of the corporation, or in his absence, on the Secretary of State (Neb. Rev.Stat. §§ 21–2013 and 21–20,114 (Reissue 1975)) or by service outside the state under the long-arm statute (Neb.Rev.Stat. § 25–540 (Reissue 1975)). The manner of service utilized by plaintiff, service on the registered agent of Honda, Ltd.'s, subsidiary, can only be sustained if that subsidiary

can be construed as the managing agent of Honda, Ltd., in Nebraska.

The Nebraska Supreme Court in *Wilken v. Moorman Mfg. Co.*, 121 Neb. 1, 235 N.W. 671 (1931) found that:

> A sales manager of a foreign corporation who exercises judgment and discretion in the conduct of the corporation's affairs within this state is, within the meaning of the statute relating to service of process on such corporations, a managing agent, notwithstanding his acts and doings as such agent may refer only to a part of the business transacted by the corporation.

This statement was applied in upholding service on the vice president and sales manager of the defendant in *Brown v. Glove Laboratories*, 165 Neb. 138, 84 N.W.2d 151 (1957), process having been served while the officer was attending a convention in Omaha. The Court observed:

> [The officer] in his capacity as sales manager, had been in Nebraska on previous occasions promoting the interests [of defendant]. He was an agent or a managing agent within the meaning of [Section 25–511] while in Nebraska because of the general powers that he had in regard to [defendant's] business here.

In *Dale Electronics, Inc. v. Copymation, Inc.*, 178 Neb. 239, 132 N.W.2d 788 (1965), these precedents were distinguished as the case involved salesmen of a retailer which was unrelated to the defendant manufacturer, the Court finding that an independent contractor relationship rather than one of agency existed.

The distinction, which is fundamentally one of agency law, centering on the nature of the relationship and the degree of control that is exercised by the principle, is in accord with decisions regarding service on one corporation as an agent of another corporation pursuant to Fed.R.Civ.P. 4(d)(3). The defendant does not contend that American Honda is not doing business in Nebraska nor that American Honda's business is other than the promotion and sale through retail outlets of the products of defendant Honda, Ltd. Defendant's only contention is that American Honda is engaged in these activities as an independent contractor rather than as an agent of defendant and, therefore, service of process on American Honda is insufficient to assert jurisdiction over defendant.

The question is essentially a factual one. A parent-subsidiary relationship by itself is not sufficient to justify service in this manner. *Cannon Mfg. v. Cudahy Packing, supra.* Nor is a manufacturer-distributor arrangement sufficient. *Turner v. Jack Tar Grand Bahama, Ltd.*, 353 F.2d 954 (5th Cir. 1965).

> But where the parent company has complete control over the subsidiary, conducting its business and controlling its policies . . . [or where the subsidiary] is a mere adjunct and instrumentality of the parent . . . [or] if a subsidiary corporation is merely a "dummy" by means of which the parent corporation does business in the state, service on the subsidiary may bind parent.
>
> *Fletcher Cyclopedia of Corporations*, Section 8773 at pp. 527–528. (Citations omitted.)

*See also Lakota Girl Scout Council, Inc. v. Havey Fund Raising Management, Inc.*, 519 F.2d 634 (8th Cir. 1975).

■ Based upon the materials presented at the hearing, it appears that plaintiff has not demonstrated an underlying unity between American Honda and Honda, Ltd., sufficient to support this Court piercing American Honda's corporate veil and reaching Honda, Ltd., through service of process on American Honda. The creation of a separate corporation to distribute products manufactured by the parent corporation within a given area and the maintenance of an interlocking directorate which in each case amounts to only a minority of the Board of Directors are not sufficient without more to find that the parent corporation so dominates the subsidiary as to effectively treat it as a division of the parent corporation. Plaintiff has not demonstrated that American Honda operates as anything other than an independent entity. It would appear that American Honda dupli-

cates some of the functions performed by the parent and exercises independent management and control of its marketing operations. In short, plaintiff has failed to carry its burden of proof. Service of process on Honda, Ltd., was not proper, and therefore, will be quashed.

Ordinarily this would present no problem since plaintiff could re-serve defendant with process. However, the statute of limitations has now run on plaintiff's claim. Under Nebraska law (Neb.Rev.Stat. § 25–217 (Reissue 1975)) failure to properly serve Honda, Ltd., before the running of the statute of limitations precludes an action against it even where the lawsuit was timely filed. *See Prashar v. Volkswagen of America, Inc.*, 480 F.2d 947 (8th Cir. 1973).

This requirement of service of a summons upon defendant before the running of the statute is an integral part of the statute of limitations and under the rule set down in *Prashar v. Volkswagen of America, Inc.*, 480 F.2d 947 (8th Cir. 1973), is controlling of the right of plaintiff to re-serve Honda, Ltd.

Accordingly, a separate order will be entered this date dismissing the complaint as to the defendant Honda, Ltd.