**STATE of Missouri, ex rel. HONDA RE-SEARCH & DEVELOPMENT CO., LTD., Relator,**

v.

**The Honorable George ADOLF, Judge of the Circuit Court of The City of St. Louis, Missouri, Respondent.**

No. 51655.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 19, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 24, 1986.

Application to Transfer Denied Nov. 18, 1986.

G. Keith Phoenix, Jill Rubin Hummel, St. Louis, for relator.

Stephen H. Ringkamp, St. Louis, for respondent.

SNYDER, Presiding Judge.

This mandamus proceeding arises out of a personal injury action brought by Mary Alice Schneider and others against Honda Motor Co., Ltd., the manufacturer of a Honda ATC (a three wheel all-terrain vehicle), American Honda Motor Co., Inc., the distributor of the ATC, and St. Louis Honda, the dealership which sold the ATC.

Plaintiffs later amended their petition to add Honda Research & Development Co., Ltd., a Japanese corporation, as a party-defendant, on the grounds that it designed the ATC. Honda Research entered its special limited appearance and filed a motion to dismiss on the ground that the court lacked personal jurisdiction. The motion was denied.

Honda Research then filed its petition for a writ of mandamus in which it requested this court to direct the respondent judge to withdraw his order denying Honda Research's motion to dismiss Honda Research for lack of personal jurisdiction. This court issued its preliminary order in mandamus and now makes the preliminary or-

der peremptory by ordering respondent to set aside his order denying Honda Research's motion to dismiss and to dismiss Honda Research as a defendant in the underlying action.

No issue is raised concerning the appropriateness of mandamus in this cause of action. Mandamus lies to correct an act done without jurisdiction. *State ex rel. Brooks Erection & Constr. Co. v. Gaertner*, 639 S.W.2d 848, 849 (Mo.App.1982).

In its points relied on the relator argues that the denial of Honda Research's motion to dismiss for lack of personal jurisdiction is erroneous because Honda Research does not have sufficient minimum contacts with Missouri to justify *in personam* jurisdiction, and because the contacts of the other defendants with Missouri are not attributable to Honda Research, a separate and distinct corporation. Relator also contends that to allow the respondent to exercise jurisdiction over it would violate its constitutional due process rights and exceed the authority granted to the courts of Missouri under § 506.500 RSMo. 1978, the long arm statute. This court agrees.

A court may not exercise *in personam* jurisdiction over a nonresident defendant unless there exist sufficient minimum contacts between the defendant and the forum state to assure that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In determining whether sufficient contacts exist, a court focuses on the relationship among the defendants, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977). *See also Medicine Shoppe Int'l., Inc., v. J-Pral Corp.*, 662 S.W.2d 263, 272 (Mo.App.1983).

Honda Research did not have sufficient minimum contacts with Missouri to subject it to the jurisdiction of Missouri courts. Honda Research is a Japanese corporation. Although it designed the vehicle which allegedly was the cause of the injuries of the plaintiff in the underlying action, it had no other connection of even the remotest kind with Missouri. Honda Research did not manufacture, sell, distribute, or market any product within the state. The mere "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 ((1980), quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)).

In *World-Wide Volkswagen Corp. v. Woodson*, the United States Supreme Court held that where corporate defendants, an automobile wholesaler and retailer, carried on no activity in Oklahoma and availed themselves of no privileges or benefits of Oklahoma law, it was a mere fortuitous circumstance that a single automobile sold in New York to a New York resident was involved in an accident while passing through Oklahoma. 444 U.S. at 295, 100 S.Ct. at 566. The sale of the automobile to the New York resident did not constitute the minimum contact with Oklahoma which would subject the wholesaler and retailer of the automobile to Oklahoma jurisdiction under the state's long arm statute. *Id.* In the case at bar, Honda Research did not even sell anything which entered the State of Missouri as did the Volkswagen wholesale and retailer who were held not to be subject to Oklahoma jurisdiction.

The Court in *World-Wide Volkswagen* added that, although foreseeability is not wholly irrelevant, the foreseeability critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. *Id.* at 297, 100 S.Ct. at 567. Rather, it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *Id.*

The Court further said that "[t]he Due Process Clause, by ensuring the, 'orderly administration of the laws', *International Shoe Co. v. Washington*, 326 U.S. at 319, 66 S.Ct. at 159, gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will

not render them liable to suit." 444 U.S. at 297, 100 S.Ct. at 567.

In *Medicine Shoppe International, Inc. v. J.-Pral Corp.*, 662 S.W.2d 263, this court affirmed a trial court's dismissal of a suit for lack of personal jurisdiction when the contacts of the defendant were much stronger than they are in the case under review. In *Medicine Shoppe*, a license agreement was entered into in Missouri and a monthly license fee paid to plaintiff in Missouri, and yet this court held that there was not sufficient minimum contact to subject the defendant to personal jurisdiction under the Missouri long arm statute. *Id.* at 273.

Applying the foregoing precedents to the case under review, this court rules that Honda Research could not reasonably foresee being haled into court in Missouri under the circumstances here and that respondent erred in exercising jurisdiction over Honda Research.

Although respondent does not dispute that Honda Research does not manufacture, sell, distribute, or market any product within Missouri, respondent contends in an imaginative and facially valid argument that the design by Honda Research, along with the knowledge that the product would be marketed in the United States, subjects it to the jurisdiction of the Missouri courts.

Respondent attempts to distinguish *World-Wide Volkswagen* by highlighting certain language in the opinion. It argues that the Supreme Court drew a distinction between an isolated incident which occurred when the automobile in question in *World-Wide Volkswagen* was involved in a random accident in Oklahoma and accidents which result from the efforts of a manufacturer or distributor to serve the market for its products in the various states of the United States. Respondent concludes that to allow Missouri to exercise *in personam* jurisdiction over Honda Research accords with "the teachings" of *World-Wide Volkswagen.*

What the Supreme Court actually said was:

[I]f the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. 444 U.S. at 297, 100 S.Ct. at 567.

The quoted language applies to manufacturers or distributors, not to the designers of products. The "directly or indirectly" language which respondent emphasizes does not permit Missouri courts to exercise jurisdiction over Honda Research.

The cases cited by respondent in support of its position, *Cunningham v. Subaru of America, Inc.*, 631 F.Supp. 132 (D.Kan. 1986); *Rockwell International Corp. v. Construziono Aeroneutiche Giovanni Agusta, S.p.A.*, 553 F.Supp. 328 (E.D.Pa. 1982); and *Stoehr v. American Honda Motor Co.*, 429 F.Supp. 763 (D.Neb.1977), all concern either manufacturers or distributors. No case is cited to this court in which a designer of a product, foreign or domestic, without any contact with a forum state, was brought into a state under a long arm statute and the jurisdiction of the court upheld.

The mere designing of a product which is marketed in a forum state cannot be interpreted to mean that the designer availed itself of the privilege of doing business in that state if there are no other even minimum contacts upon which to base jurisdiction.

When a defendant raises the issue of lack of personal jurisdiction through a motion to dismiss, the plaintiff has the burden of pleading and proving the existence of sufficient minimum contacts with a forum state to justify jurisdiction. *Medicine Shoppe Int'l., Inc.*, 662 S.W.2d at 268.

The plaintiffs in the underlying action have failed to prove any contact except the design by Honda Research of the offending vehicle. That the machine in question was designed and developed for the United States market, as admitted in testimony

before Congress and the Consumer Products Safety Commission, does not subject Honda Research to Missouri jurisdiction absent other necessary contacts.

Respondent finally complains that, without being permitted to join Honda Research as a party-defendant, it will be difficult to obtain information about the design, the other defendants so far having failed to produce that information in response to interrogatories. It may be difficult, but plaintiffs can obtain design information through the deposition of a witness who is not a party.

The preliminary writ of mandamus is made peremptory by ordering the respondent to set aside his denial of the relator's motion to dismiss and to dismiss relator from the cause of action for lack of personal jurisdiction.

KAROHL, J., concurs in majority and concurring opinion.

CARL R. GAERTNER, J., concurs with separate opinion.

CARL R. GAERTNER, Judge, concurring.

I agree that a foreign corporation which merely designs a product, manufactured and sold by separate entities, does not have the minimum contacts with Missouri to invest Missouri courts with jurisdiction over it merely because the product may have caused an injury in this state. I write separately in order to address issues which are implicit under the circumstances of this case and to avoid possible future misunderstanding regarding the extent of the very narrow ruling made herein.

Honda R & D was joined as a party-defendant in this case only after the original defendants, Honda, Ltd. and American Honda, responded to plaintiffs' request for discovery regarding product design and developmental testing by claiming they were unable to furnish such information as it was in the possession of Honda R & D. That our decision herein upholds the separateness of the three corporate entities for jurisdictional purposes should not necessarily be interpreted as determinative of the "control" by the parent of documents and data in the "custody or possession" of a wholly owned subsidiary, as those terms are used in Rule 58.01. Nor do we decide today the possible consequences if it be made to appear that corporate separation rather than departmental or divisional control of the phases of a total undertaking is merely a subterfuge adopted or utilized for the purpose of evading discovery (a suggestion hinted at but not factually developed nor briefed by respondent herein). *See Krajcovic v. Krajcovic,* 693 S.W.2d 884, 886–87 (Mo.App.1985); *Liberty Financial Management Corporation v. Beneficial Data Processing Corporation,* 670 S.W.2d 40, 52 (Mo.App.1984). Although these issues appear to be at the heart of the controversy, this case, presented to us upon the narrow issue of jurisdiction, does not provide for their resolution.

With this caveat, I concur.