Josephine DUNAKEY, and Leo
Dunakey, Plaintiffs,

v.

AMERICAN HONDA MOTOR CO.,
INC., and Honda Motor Co., Ltd.,
Defendants.

No. 88–2005–C(4).

United States District Court,
E.D. Missouri, E.D.

Feb. 1, 1989.

Stephen H. Ringkamp, Hullverson, Hullverson and Frank, St. Louis, Mo., for plaintiffs.

Reed W. Sugg, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on defendant Honda Motor Company, Ltd.'s motion to quash service. Honda, Ltd., has entered its appearance solely to contest this Court's jurisdiction.

Plaintiffs' strict products liability action against the defendants seeks recovery for permanent injuries Mrs. Dunakey suffered while operating a Honda manufactured all terrain vehicle. Honda, Ltd., is a corporation organized and operating under the laws of Japan. All of the United States Honda imports are purchased from Honda, Ltd., by the first named defendant, American Honda, and then distributed to the American market. American Honda is a wholly owned subsidiary of Honda, Ltd., with an exclusive license to distribute Honda products in the United States.

Plaintiffs served their petition on American Honda through its Missouri registered agent, C.T. Corporation, in St. Louis. Plaintiffs also attempted service upon Honda, Ltd., through the same registered agent assuming that as Honda Ltd.'s subsidiary, American Honda was its "de facto" agent for service of process on the parent corporation. Honda, Ltd., argues that service upon its subsidiary is ineffective because there is no evidence to support an agency relationship between the two companies sufficient for service on one to constitute service upon the other.

In light of several identical cases involving Honda, Ltd., and the record as it currently stands, the Court must agree that plaintiffs' service upon Honda, Ltd., through American Honda appears defective. *See Geick v. American Honda Motor Company, Ltd., and Honda Motor Company, Ltd,* 117 F.R.D. 123 (C.D.Ill. 1987); *Stoehr v. American Honda Motor Company, Ltd., and Honda Motor Company, Ltd.,* 429 F.Supp. 763 (D.Neb.1977); *Fields v. American Honda Motor Company, Ltd. and Honda Motor Company, Ltd.,* No. 86–L–103 (Ill.Cir.Ct. Jan. 6, 1988).

Federal Rule of Civil Procedure 4(e) and Missouri Rules of Civil Procedure 54.09, 54.13, and 54.14 only allow service upon a foreign corporation by "delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or ... by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process." Honda, Ltd., is not

licensed to do business in Missouri and has no registered agent of its own to accept service of summons.

Standing alone, a parent/subsidiary relationship is not enough to render a parent subject to the Court's jurisdiction. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* — U.S. ——, 108 S.Ct. 2104, 2111, n* *, 100 L.Ed.2d 722 (1988). Unfortunately for plaintiffs, Missouri, unlike Illinois, does not provide that a domestic subsidiary is by law the foreign corporation's involuntary agent for service of process. *Id.* 108 S.Ct. at 2106. *See also Richardson v. Volkswagenwerk, A.G.,* 552 F.Supp. 73 (W.D.Mo. 1982). The only evidence plaintiff has to support its agency theory under Missouri law is the fact that American Honda is the wholly owned subsidiary of Honda, Ltd., and is the exclusive importer and distributor of Honda products sold in this country. Honda, Ltd., however, by way of affidavits, asserts that the two corporations are separate and distinct. Honda, Ltd., does not control the daily activities of American Honda; they have separate boards of directors and set separate policies. It is doubtful that any discovery on this issue would produce evidence to suggest an agency relationship in this case where none has been found in the past. *See Geick, et al, supra.*

For the foregoing reasons the Court must conclude that plaintiffs' original service upon Honda, Ltd., must be quashed. Nevertheless, the plaintiffs are not without a remedy to cure the defective service. The Court will grant plaintiff's sufficient time to reserve Honda, Ltd., in accordance with Hague Convention guidelines. 20 U.S.T. 361–367 (1969). *See Richardson v. Volkswagenwerk, supra* [Hague Convention supersedes Missouri's substitute service statute, Mo.Stat.Ann. § 351.633 (Vernon 1966)]. While compliance with the Convention may be expensive, it is not prohibitive and should be treated as any other cost of litigation. If the plaintiffs are successful, they may recover these extra costs as a part of their award. Accordingly,

IT IS HEREBY ORDERED that Honda Motor Company, Ltd.'s motion to quash is granted.

IT IS FURTHER ORDERED that plaintiffs are hereby granted 150 days to properly serve Honda Motor Company, Ltd., with process in this action.