Bank of America Corporation appeals from the Mobile Circuit Court's refusal to set aside a default judgment. We reverse and remand.
 Facts and Procedural History
On July 25, 2001, Addie L. Edwards sued several defendants in the Mobile Circuit Court; one of those defendants was Bank of America Corporation. Because Bank of America is a foreign corporation, Edwards served the corporation by certified mail at the following address: 225 East John Carpenter Freeway, Irving, Texas 75062. Bank of America filed nothing in response, and on October 1, 2001, the Mobile Circuit Court entered a default judgment against Bank of America and awarded Edwards $85,000.
While researching an unrelated legal matter in Alabama, counsel for Bank of America discovered the default judgment. On December 3, 2001, Bank of America moved the Mobile Circuit Court to vacate the default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.[1] Specifically, Bank of America argued that the trial court's judgment was void because, it argued, the trial court lacked jurisdiction over Bank of *Page 405 
America. Bank of America alleged that the Irving, Texas, address to which the summons and complaint were sent was not Bank of America's usual place of business; instead, Bank of America alleged that its usual place of business was at 100 North Tyron Street, Charlotte, North Carolina. Bank of America further averred that the Irving, Texas, address was the usual place of business for one of its subsidiaries, NationsCredit Financial Services Corporation ("NationsCredit").
On February 5, 2002, the Mobile Circuit Court denied Bank of America's motion to vacate the default judgment. Bank of America moved the court to reconsider its judgment, and on March 27, 2002, the court denied the motion and certified its order as final pursuant to Rule 54(b), Ala. R. Civ. P. Bank of America appeals.
 Standard of Review
We review de novo a trial court's ruling on a Rule 60(b)(4), Ala. R. Civ. P., motion. See Northbrook Indem. Co. v. Westgate,Ltd., 769 So.2d 890, 893 (Ala. 2000).
 "`The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989).'
 "Insurance Mgmt. Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991)."
Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655,657 (Ala. 2001).
 Discussion
Bank of America contends that the trial court should have granted its Rule 60(b)(4), Ala. R. Civ. P., motion because, it argues, Bank of America was never properly served pursuant to Rule 4(c)(6), Ala. R. Civ. P. Because it was never properly served, Bank of America's argument continues, the trial court had no jurisdiction to enter the default judgment against the corporation, thus rendering the judgment void. We agree.
 "One of the requisites of personal jurisdiction over a defendant is `perfected service of process giving notice to the defendant of the suit being brought.' Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala. 1983). `When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.' Id. A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989)."
Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala. 1993).
Rule 4(c), Ala. R. Civ. P., governs service of process on a corporation:
"Service of process . . . shall be made as follows:
". . . .
 "(6) . . . Upon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation. . . ." *Page 406 
"`Failure of proper service under Rule 4 [Ala. R. Civ. P.] deprives a court of jurisdiction and renders its judgment void.'"Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d at 893
(quoting Ex parte Pate, 673 So.2d 427, 428-29 (Ala. 1995)).
In support of its motion to vacate the default judgment, Bank of America submitted an affidavit of Lloyd H. Harrison, Jr., assistant vice president of Bank of America. Harrison averred that the Irving, Texas, address to which Edwards sent her complaint was not a usual place of business for Bank of America; instead, according to Harrison, the Irving, Texas, address is the usual place of business for NationsCredit, a subsidiary of Bank of America. Harrison stated that Bank of America's usual place of business is located in Charlotte, North Carolina. Furthermore, Harrison testified that NationsCredit is not an authorized agent to receive service of process for Bank of America.
On appeal, Edwards responds to Harrison's testimony by asserting that "it is clear that the 225 East John Carpenter Freeway, Irving, Texas address was a usual place of business of Bank of America, a foreign corporation, and as Rule 4(c)(6) allows service at any of its usual places of business, service pursuant to that Rule is effective in this cause." (Edwards's brief at 6.) Apparently, Edwards assumes that service upon a subsidiary of Bank of America, without more, is sufficient to constitute service upon Bank of America. Our caselaw, however, holds otherwise.
 "[T]he parent-subsidiary relationship alone is not ordinarily enough to establish agency for the purpose of service of process. Jones v. Volkswagen of America, Inc., 82 F.R.D. 334, 335 (E.D.Tenn. 1978).
 "The party seeking to prove proper service must at least show that the parent corporation `exercises such control and domination over the subsidiary that it no longer has a will, mind or existence of its own, and operates merely as a department of the parent corporation.' Professional Investors Life Ins. Co., Inc. v. Roussel, 445 F.Supp. 687, 698
(D.Kan. 1978). Alternatively, the party seeking to have service on the subsidiary and the parent may show that
 "`[T]he parent corporation has complete control over the subsidiary, conducting its business and creating its policies . . . (or the subsidiary) is a mere adjunct and instrumentality of the parent . . . (or the) subsidiary corporation is merely a "dummy" by means of which the parent corporation does business in the state. . . .'
 "Fletcher's Cyclopedia of the Law of Private Corporations, § 8773 at 527-528, cited in, Stoehr v. American Honda Motor Co., Inc., 429 F.Supp. 763, 766 (D.Neb. 1977). Hence, as the court in Stoehr, supra, noted, inquiry regarding the agency of a subsidiary is essentially a factual one. Id. at 766."
Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884
(Ala. 1983).
This Court has discussed some of the factors to be considered in determining the extent of a parent company's control and domination over a subsidiary.
 "It is manifestly impossible to catalogue the infinite variations of fact that can arise but there are certain common circumstances which are important and which, if present in the proper combination, are controlling. These are as follows:
 "`"(a) The parent corporation owns all or most of the capital stock of the subsidiary. *Page 407 
 "`"(b) The parent and subsidiary corporations have common directors or officers."'
"(c) The parent corporation finances the subsidiary.
 "`"(d) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.
 "`"(e) The subsidiary has grossly inadequate capital."'
 "(f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.
 "`"(g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation."'
 "(h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.
 "`"(i) The parent corporation uses the property of the subsidiary as its own."'
 "(j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation. . . .
 "`"(k) The formal legal requirements of the subsidiary are not observed."
 "`Taylor v. Standard Gas Electric Co., 96 F.2d 693, 704-05 (10th Cir. 1938); see, also, Baker v. Raymond Int'l, Inc., 656 F.2d 173 (5th Cir. 1981); Garrett v. Southern Ry., 173 F.Supp. 915 (E.D.Tenn. 1959).'
"Duff v. Southern Ry., 496 So.2d 760, 762-63 (Ala. 1986). . . ."
Environmental Waste Control, Inc. v. Browning-Ferris Indus.,Inc., 711 So.2d 912, 915 (Ala. 1997).
There is absolutely no evidence in the record indicating the relationship between Bank of America and NationsCredit, other than the affidavit testimony of Harrison stating that NationsCredit is a subsidiary of Bank of America. Edwards argues in her brief, apparently to indicate the nature of the relationship between Bank of America and NationsCredit, that Bank of America discovered the default judgment in this case while researching an unrelated legal matter for one of its subsidiaries. Edwards's citation for this assertion, however, is to the statement of the case in Bank of America's brief on appeal. This statement does appear in Bank of America's statement of the case; however, Bank of America cites Harrison's affidavit as the source of authority for this statement. While Harrison's affidavit does say that Bank of America discovered the existence of the default judgment while it was researching an unrelated legal matter, the affidavit says that Bank of America was searching "for information related to another unrelated action filed against Bank of America in Alabama." Thus, nothing in Harrison's affidavit or in the record indicates that Bank of America was doing legal research for one of its subsidiaries when it discovered the default judgment.
We have found no evidence in the record to support Edwards's assertion that the Irving, Texas, address to which she mailed the summons and complaint was a usual place of business for Bank of America. Instead, Harrison's affidavit indicates that the Irving, Texas, location is actually the usual place of business of NationsCredit. Furthermore, there is no evidence in the record explaining the nature of the relationship between Bank of America and NationsCredit; therefore, Edwards has *Page 408 
not demonstrated that service of process at NationsCredit's usual place of business would constitute proper service on Bank of America.[2]
Because Edwards failed to properly serve Bank of America pursuant to Rule 4(c)(6), Ala. R. Civ. P., the Mobile Circuit Court did not acquire jurisdiction over Bank of America. Thus, the default judgment against Bank of America is void, and the court should have granted Bank of America's motion to vacate the judgment. We reverse the trial court's order denying Bank of America's Rule 60(b)(4), Ala. R. Civ. P., motion for relief and remand the case for further proceedings consistent with this opinion.[3]
REVERSED AND REMANDED.
MOORE, C.J., and SEE, HARWOOD, and STUART, JJ., concur.
[1] Rule 60(b)(4), Ala. R. Civ. P., provides:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void. . . ."
[2] Although Edwards hints in her brief on appeal that Bank of America led her to believe that the Irving, Texas, address was its usual place of business, there is absolutely no evidence in the record to support such an allegation. Instead, the record shows only that Edwards decided to serve Bank of America at the Irving, Texas, address as a result of her own research into the matter.
[3] Bank of America argues in the alternative that it is not the proper party in this action. In light of our disposition of this case, it is unnecessary to address that argument.