On Application for Rehearing
The opinion of December 30, 2005, is withdrawn, and the following is substituted therefor:
On July 29, 2002, Eddie W. Thomas filed in the trial court a complaint against a party he designated as "Bush Hog L.L.C., A Division of Crown Consolidated Industries." In his complaint, Thomas sought workers' compensation benefits following a work-related injury that he sustained on or about September 12, 1997. Relevant to this appeal, Thomas alleged that "Bush Hog, L.L.C.," was an Alabama limited liability *Page 589 
company and that at the time of his injury he was employed by "Bush Hog, L.L.C." On August 2, 2002, Thomas served process on "Bush Hog, L.L.C.," at 2501 Griffin Avenue in Selma, Alabama.
On August 12, 2002, "Bush Hog, LLC,"[2] filed a motion to dismiss, asserting that Bush Hog, LLC, was not Thomas's employer at the time of the accident and, therefore, that Thomas had served the wrong defendant. In support of its motion to dismiss, Bush Hog, LLC, attached an August 6, 2002, affidavit of David Middlebrooks, the director of human resources for Bush Hog, LLC. In his August 6, 2002, affidavit, Middlebrooks stated, in relevant part:
 "Prior to March 7, 2000, the Bush Hog Division of Allied Products Corporation was the owner of the manufacturing facility in Selma, Alabama. Eddie Thomas was an employee of the Bush Hog Division of Allied Products Corporation. On March 7, 2000, Allied Products Corporation sold the Bush Hog Division of Allied Products Corporation to C[rown] C[onsolidated] Industries. The sale was for the assets of Bush Hog only. As part of the sale, Allied Products Corporation retained all of the liabilities, including the liability for pending workers' compensation claims against Bush Hog Division of Allied Products Corporation.
 "Eddie Thomas's correct employer at the time of his accident on September 12, 1997, was the Bush Hog Division of Allied Products Corporation and not Bush Hog, LLC, a Division of Crown Consolidated Industries, as alleged in Eddie Thomas's Complaint."
On September 23, 2002, the trial court granted the motion to dismiss filed by Bush Hog, LLC.
On September 30, 2002, Thomas moved to amend his complaint to name "Bush Hog Division of Allied Products Corporation" as a defendant. The trial court granted Thomas's motion to amend on October 21, 2002. On December 16, 2002, Thomas served "Bush Hog Division of Allied Products Corporation c/o David Middlebrooks" at the same Selma address — 2501 Griffin Avenue, Selma, Alabama 36701 — that he had served "Bush Hog, L.L.C., A Division of Crown Consolidated Industries." The summons indicates that Barbara McGuire signed for the summons and complaint.
Allied Products Corporation ("Allied Products") did not file an answer or otherwise defend in the action. On February 20, 2004, the trial court entered a default judgment in favor of Thomas against "Bush Hog, a Division of Allied Products Corporation." In the default judgment, the trial court found that Thomas was "permanently and totally disabled" and ordered "Bush Hog, a Division of Allied Products Corporation" to pay workers' compensation benefits accordingly.
On October 13, 2004, Thomas filed a motion to amend the February 20, 2004, judgment; the assertions in that motion are not relevant to this appeal.
On January 5, 2005, Allied Products filed a motion styled "motion to set aside [the] default judgment and objection to [Thomas's] motion to amend [the] final order." In substance, that motion sought relief from the judgment, pursuant to Rule 60(b), Ala. R. Civ. P.[3] In its motion, Allied *Page 590 
Products asserted that the default judgment was void because, it argued, it had not been served with process in accordance with former Rule 4(c)(6), Ala. R. Civ. P. In support of its motion, Allied Products attached another affidavit of Middlebrooks, dated December 17, 2004, and an exhibit that it referred to as the "Corporate Details sheet [for Allied Products] . . . from the Alabama Secretary of State's website."
In his December 17, 2004, affidavit, Middlebrooks stated, in relevant part:
 "2. I am the Director of Human Resources for Bush Hog, LLC. I was the Director for Human Resources for Bush Hog at the Selma, Alabama manufacturing facility when Bush Hog was a division of the Allied Products Corporation.
 "3. Bush Hog was a division of Allied Products Corporation on September 12, 1997.
 "4. Prior to March 7, 2000, the Bush Hog Division of Allied Products Corporation was the owner of the manufacturing facility in Selma, Alabama, located at 2501 Griffin Avenue, Selma, Alabama 36701.
 "5. On September 12, 1997, Eddie Thomas was an employee of the Bush Hog Division of Allied Products Corporation. I knew Eddie Thomas when he was an employee of Bush Hog Division of Allied Products Corporation.
 "6. On March 7, 2000, Allied Products Corporation sold the assets but not the liabilities of the Bush Hog Division of Allied Products Corporation to Crown Consolidated Industries.
 "7. Crown Consolidated Industries and Allied Products Corporation are two separate corporate entities.
 "8. Included in the sale was the manufacturing facility at 2501 Griffin Avenue, Selma, Alabama 36701.
 "9. Allied Products Corporation does not own Bush Hog, LLC, nor has it owned the manufacturing facility at 2501 Griffin Avenue, Selma, Alabama 36701 since the sale on March 7, 2000.
 "10. Eddie Thomas's correct employer at the time of the incident made the basis of his complaint was the Bush Hog Division of Allied Products Corporation.
 "11. I was not an authorized agent for service of process for the Bush Hog Division of Allied Products Corporation on December 12, 2002."
The "Corporate Details sheet [for Allied Products] . . . from the Alabama Secretary of State's website" indicated that on May 21, 2001, Allied Products withdrew from doing business in Alabama. That sheet also listed Allied Products' address for service of process as "1355 East 93rd Street, Chicago, IL 60619"; its registered agent as "CSC-Lawyers Incorporated Service, 150 South Perry Street, Montgomery, AL 36104"; and its principal address as "208 South La Salle Street, Chicago, IL."
In its motion, Allied Products asserted, among other things, that on December 11, 2002, Thomas attempted to serve Allied Products at 2501 Griffin Avenue, Selma, Alabama 36701,[4] and that the summons indicated that the summons and complaint were served on Barbara McGuire, who, Allied Products presumed, was an employee of Crown Consolidated Industries. It does not appear that McGuire was an agent or an employee or associated in any way with Allied Products, and, therefore, she was not authorized to accept service on behalf of Allied Products, pursuant to former Rule 4(c)(6). Allied Products asserted *Page 591 
that, pursuant to former Rule 4(c)(6), service on it was not proper at 2501 Griffin Avenue, Selma, Alabama 36701. Allied Products also asserted that it did not answer Thomas's complaint because the summons and complaint were never served and never received by anyone at Allied Products and that Allied Products had no notice, pursuant to former Rule 4, Ala. R. Civ. P., that Thomas had filed suit.
On January 19, 2005, the trial court entered an order denying Allied Products' motion for relief from the default judgment.[5]
The record contains a letter brief that Thomas filed in the trial court on January 19, 2005, the same day the trial court denied Allied Products' motion for relief from the default judgment. Attached to that letter as an exhibit was a copy of a letter from Mark C. Standefer, senior vice president, general counsel, and secretary for Allied Products, to counsel for Thomas, dated December 19, 2002, stating, in part, "I understand from Mr. David Middlebrooks at Bush Hog, LLC, that you recently amended a Complaint you previously filed on behalf of Eddie Thomas to name Allied Products Corporation . . . as [a] defendant." The letter stated that "Allied [Products] filed a voluntary petition under Chapter 11 of the bankruptcy code on October 2, 2000," and that "[i]f, as reported by Mr. Middlebrooks, you have filed a lawsuit against Allied [Products], you are in violation of the automatic stay." The letter then gave additional information regarding the bankruptcy proceedings, including the name and telephone numbers of Allied Products' bankruptcy counsel.
Allied Products timely appealed. Allied Products contends on appeal that the trial court should have granted its Rule 60(b)(4), Ala. R. Civ. P., motion because, it argues, Allied Products was never properly served pursuant to former Rule 4(c)(6), Ala. R. Civ. P.
Rule 60(b), Ala. R. Civ. P., provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void."
"We review de novo a trial court's ruling on a Rule 60(b)(4), Ala. R. Civ. P., motion." Bank of America Corp. v.Edwards, 881 So.2d 403, 405 (Ala. 2003) (citingNorthbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890,893 (Ala. 2000)).
Rule 4(c), Ala. R. Civ. P., governs service of process on a corporation. Former Rule 4(c), which was in effect at the time Thomas attempted service on Allied Products, provided, in part:
"Service of process . . . shall be made as follows:
 ". . . .
 "(6) . . . Upon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation."[6] *Page 592 
In Bank of America, supra, our supreme court stated:
 "`"The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61
(Ala. 1989)."'"
881 So.2d at 405, quoting Image Auto, Inc. v. Mike KelleyEnters., Inc., 823 So.2d 655, 657 (Ala. 2001), in turn quoting Insurance Mgmt. Admin., Inc. v. Palomar Ins.Corp., 590 So.2d 209, 212 (Ala. 1991). See alsoNorthbrook, 769 So.2d at 893.
In Bank of America, supra, our supreme court also stated:
 "`One of the requisites of personal jurisdiction over a defendant is "perfected service of process giving notice to the defendant of the suit being brought." Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala. 1983). "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." Id. A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989).'"
881 So.2d at 405, quoting Horizons 2000, Inc. v.Smith, 620 So.2d 606, 607 (Ala. 1993). See alsoNorthbrook, 769 So.2d at 893. "`"Failure of proper service under Rule 4 [Ala. R. Civ. P.] deprives a court of jurisdiction and renders its judgment void."'" Bank of America,881 So.2d at 406, quoting Northbrook, 769 So.2d at 893, in turn quoting Ex parte Pate, 673 So.2d 427, 428-29
(Ala. 1995).
In the present case, the evidence indicates that at the time Thomas was injured on September 12, 1997, his employer was Allied Products. There is no evidence in the record indicating that "Bush Hog" was a separate legal entity from Allied Products at the time of the injury. Rather, the evidence indicates that "Bush Hog" was merely a division of Allied Products at that time. The evidence further indicates that Allied Products sold the assets of its Bush Hog division to Crown Consolidated Industries on March 7, 2000. Although the record is silent regarding the date on which Bush Hog, LLC, was formed, the evidence is clear that at the time Thomas attempted service on Allied Products on December 16, 2002, Bush Hog, LLC, bore a relationship to Crown Consolidated Industries. There is absolutely no evidence in the record indicating any type of relationship between Bush Hog, LLC, and Allied Products at the time of the attempted service. *Page 593 
Further, at the time of the attempted service, the evidence indicates that Middlebrooks was no longer an employee of Allied Products, but, instead, was an employee of Bush Hog, LLC. The evidence also indicates that at that time Middlebrooks was not an agent of Allied Products for service of process, and there is no evidence indicating that he was an officer of Allied Products. Similarly, there is no evidence indicating that Barbara McGuire, who signed for the summons and complaint on December 16, 2002, was an agent or officer of Allied Products. At the time Thomas attempted service on Allied Products, 2501 Griffin Avenue. Selma, Alabama 36701, was the usual place of business for Bush Hog, LLC — not Allied Products. Allied Products is a separate legal entity apart from Bush Hog, LLC, and Crown Consolidated Industries. Therefore, Thomas has not demonstrated that he properly served Allied Products in accordance with former Rule 4(c)(6).
Although we find no Alabama case with the same set of facts as the case before us, our caselaw supports our conclusion. See,e.g., Bank of America, 881 So.2d at 407 (holding that under former Rule 4(c)(6) the plaintiff failed to serve a bank with the complaint, when the plaintiff served the bank's subsidiary, and, thus, the trial court never acquired jurisdiction over the bank and the default judgment against the bank was void; the bank's assistant vice president averred that the address to which the complaint was sent was not the bank's usual place of business and that the bank's subsidiary was not the bank's authorized agent, and there was absolutely no evidence in the record indicating the relationship between the bank and the subsidiary, other than the parent-subsidiary relationship); Northbrook, 769 So.2d at 893-94 (holding that under former Rule 4(c)(6) a corporation's former office was not one of its "usual places of business" for purposes of service of process, when, at the time of the attempted service, the corporation had ceased doing business at that location, no longer had any agents or employees there, and had not authorized agents or employees of its former parent corporation, which maintained an office at that location, to accept service or transact business on its behalf; corporation was not doing business at that location simply because its former parent corporation had agreed to accept and forward mail to the corporation at its new address).
Because Thomas failed to properly serve Allied Products pursuant to former Rule 4(c)(6), Ala. R. Civ. P., the trial court did not acquire jurisdiction over Allied Products. Thus, the default judgment against Allied Products is void, and the court should have granted Allied Products' motion for relief from the judgment. We reverse the trial court's order denying Allied Products' Rule 60(b)(4), Ala. R. Civ. P., motion and remand the case for further proceedings consistent with this opinion.[7]
Allied Products also filed a motion to strike this court's consideration of the letter brief and the attached exhibit that Thomas filed in the trial court on January 19, 2005. We deny Allied Products' motion to strike as moot.[8] *Page 594 
MOTION TO STRIKE DENIED; APPLICATION GRANTED; OPINION OF DECEMBER 30, 2005, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[2] "Bush Hog, LLC," refers to itself as "Bush Hog, LLC," and not "Bush Hog, L.L.C."
[3] It is well established that the substance of a motion and not its nomenclature is controlling; the relief sought in a motion determines how to treat the motion. Ex parteLang, 500 So.2d 3 (Ala. 1986); and Campbell v.Campbell, 718 So.2d 76 (Ala.Civ.App. 1998).
[4] The record indicates that application for service was made on December 11, 2002, but that service was delivered on December 16, 2002.
[5] That order also disposed of Thomas's motion to amend the judgment, thus disposing of all the issues in the case.
[6] We note that Rule 4, Ala. R. Civ. P., was amended, effective August 1, 2004. Rule 4(c) was amended to read, in part, as follows:
"Service of process . . . shall be made as follows:
 ". . . .
 "(6) . . . Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process."
We further note that the Committee Comments to Amendment to Rule 4 effective August 1, 2004, state, in part:
 "Former subdivisions (6) — (9) are combined into a new subdivision (6). The former provision allowing corporations and other business entities to be served by certified mail at any of their usual places of business has been eliminated. Now, personal or certified mail service must be directed to the registered or appointed agent or to a specific person, such as an `officer.'"
[7] Allied Products argues in the alternative that, applying the factors set forth in Kirtland v. Fort Morgan AuthoritySewer Service, Inc., 524 So.2d 600 (Ala. 1988), the trial court abused its discretion in denying its motion for relief from the judgment. In light of our disposition of this case, it is unnecessary to address that argument.
[8] Although the exhibit attached to Thomas's January 19, 2005, letter brief indicates that Allied Products possibly was aware that Thomas had filed a lawsuit against it, there is no evidence in the record indicating that Allied Products received a copy of the summons and complaint. Regardless, this court has held that under former Rule 4 actual knowledge of a lawsuit does not confer personal jurisdiction over a defendant without compliance with Rule 4. Cain v. Cain, 892 So.2d 952,955 (Ala.Civ.App. 2004). We note that the effect of the 2004 amendment to Rule 4 is not before this court.