PITTMAN, Judge.
 

 Med-Call, Inc. (“Med-Call”), an Alabama corporation that does business under the name “Med-Call Ambulance,” appeals from an order of the Lauderdale Circuit Court declining to grant relief from a default judgment that court had entered against Med-Call in an action filed by Wesley Hal Livingston. We reverse.
 

 The principal question presented in this appeal is whether the trial court ever obtained personal jurisdiction over Med-Call. The record reveals that after counsel for Livingston had filed a one-count complaint in September 2008 seeking damages and attorney fees from Med-Call stemming from an alleged worthless check, and after counsel for Livingston had experienced difficulty in effecting service of process, both personally and via certified mail, upon Med-Call’s registered agent, David Child-ers, at several addresses, counsel retained the services of a process server, Paul Ivey. After Childers’s wife, who was separated from Childers at the time, had informed Ivey that Childers was living at a particular residence with another woman, Jaime Kaiser,
 
 [1]
 
 Ivey gave the summons and complaint and the address of that residence to another process server, Jason Booth. On the evening of November 5, 2008, Booth went to that residence and knocked on the front door. When Kaiser answered the door, Booth asked her if Childers was present, but Kaiser responded that Child-ers was showering and would not be able to come to the door. Booth informed Kaiser that he “had some important paper work” and that he was “not authorized to leave it with” Kaiser unless she lived in the residence with Childers. When Kaiser stated that she did live with Childers, Booth asked for her name, noted it, directed her to “make sure that Mr. Childers receives this,” and informed her that if Childers had “any questions, he [could] contact the attorney’s name and number listed on the paper.” Booth thereafter completed the return-on-service portion of the clerk’s copy of the summons form and
 
 *1053
 
 noted in the blanks thereon that he had “personally delivered a copy of the summons and complaint to David Child-ers/Jaime Kaiser in Morgan County, Alabama on (Date) 11/5/08 7:47 p.m.” LThat A06 return on service was recorded on the electronic case-action-summary sheet on December 8, 2008.
 

 In March 2009, Livingston moved for the entry of a default judgment, supported by the affidavits of his counsel and an attorney who testified to the appropriateness of a 15% fee award in the case. On April 3, 2009, the trial court granted that motion and entered a default judgment against Med-Call for $80,500. After Livingston had attempted to execute upon that judgment, however, an attorney appeared in the ease for Med-Call and filed a motion on July 9, 2009, requesting that the default judgment be set aside and that all collection efforts be quashed. Because the motion was filed more than 30 days after the entry of the default judgment, that motion was cognizable under Alabama law as a motion seeking relief from the default judgment under Rule 60(b), Ala. R. Civ. P.
 
 Ex parte King,
 
 776 So.2d 31, 35 (Ala.2000);
 
 see also Allied Prods. Corp. v. Thomas,
 
 954 So.2d 588, 589 (Ala.Civ.App.2006). In that motion, Med-Call asserted, among other things, that Med-Call had not been properly served and that Med-Call had a meritorious defense because, Med-Call averred, the claim asserted by Livingston mirrored one that had previously been submitted to arbitration. Med-Call filed in support of its motion affidavits given by Childers and Kaiser in which each denied having received the summons and complaint.
 

 In response to Med-Call’s motion, Livingston filed a response in opposition in which he contended, among other things, that Med-Call had been properly served because the summons and complaint had been left with Kaiser. In support of his position, Livingston filed affidavits given by Childers’s estranged wife and by Livingston’s counsel and counsel’s legal assistant; Livingston also filed a second affidavit given by Kaiser in which she admitted having not read her first affidavit and admitted having been given legal papers by a process server in November 2008 while she had been living with Childers. The trial court held a hearing on Med-Call’s motion, at which Booth testified, and thereafter denied Med-Call’s motion. Med-Call’s timely appeal from the denial of its motion was transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6).
 

 To the extent that Med-Call’s motion asserted that it had not been properly served, its motion raised a challenge to the trial court’s personal jurisdiction, thereby impugning the validity of the trial court’s judgment in the manner authorized under Rule 60(b)(4), Ala. R. Civ. P.:
 

 “One of the requisites of personal jurisdiction over a defendant is ‘perfected service of process giving notice to the defendant of the suit being brought.’ ‘When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.’ A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.”
 

 Horizons 2000, Inc. v. Smith,
 
 620 So.2d 606, 607 (Ala.1993) (citations omitted). Thus, because Med-Call has renewed in this court its contention that it was not properly served, thereby attacking the
 
 validity
 
 of that judgment, we must address the jurisdictional issue as a threshold matter before assessing the
 
 correctness
 
 of that judgment under the factors set forth in
 
 Kirtland v. Fort Morgan Authority Sewer Service, Inc.,
 
 524 So.2d 600 (Ala.1988).
 
 *1054
 

 See Allied Prods.,
 
 954 So.2d at 593 n. 7. Our review is
 
 de novo. See id.
 
 at 591.
 

 Did Livingston, under the principles recognized in
 
 Horizons 2000, “
 
 ‘prove that service of process was performed correctly and legally’ ”? We answer that question in the negative. Rule 4(c)(6), Ala. R. Civ. P., governs service upon domestic and foreign corporations,
 
 [2]
 
 and since August 2004 it has specified that service upon a corporation is to be accomplished “by serving an officer, ... a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” Although Rule 4(c)(6) formerly permitted certified-mail service upon corporations “at any of their usual places of business,” the August 1, 2004, amendment to Rule 4 eliminated that provision, and “[n]ow personal or certified mail service
 
 must be directed to the registered or appointed agent or to a specific person, such as an ‘officer’ ”
 
 of the corporation. Committee Comments to Amendment to Rule 4 Effective August 1, 2004 (emphasis added). In other words, Med-Call could only have been served by providing a summons and a copy of the complaint to one of the persons specified in Rule 4(c)(6). Because the record does not reflect that Kaiser, the sole person to whom Booth may have provided a summons and a copy of the complaint in this action, was an officer or an agent of Med-Call, Booth’s service of process upon
 
 her
 
 was ineffective as to Med-Call.
 

 Livingston, however, argues that because Rule 4(c)(6) allows service of a corporation by serving an agent authorized by law to receive service of process, and because Childers was undisputedly such an agent, Livingston could accomplish service of process by reference to subsection (c)(1) of Rule 4. That subsection provides that service may be accomplished
 
 upon an individual
 
 “by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.” Suggesting that subsection (c)(1) should be read
 
 in pari materia
 
 with subsection (c)(6), Livingston posits that Kaiser was a person “of suitable age and discretion” who cohabited with Childers; that Booth’s service upon her was, therefore, effective service upon Childers; and that effective service upon Childers amounts to effective service upon Med-Call.
 

 Although we have no quarrel with the general proposition that provisions of court rules are susceptible to canons of construction similar to those used in construing statutes and that rules dealing with the same subject matter are therefore to be read together in a manner promoting a harmonious plan in the same way that statutes are,
 
 see Burlington Northern R.R. Co. v. Whitt,
 
 611 So.2d 219, 222 (Ala.1992), it follows that we should likewise presume that “a difference in wording, especially in provisions within similar [rules], reflects a difference in meaning.”
 
 Ex parte Smiths Water & Sewer Auth.,
 
 982 So.2d 484, 488 (Ala.2007). Here, the rule governing service specifies that process will be issued by the clerk “for service upon each
 
 defendant,” i.e.,
 
 “any
 
 party
 
 upon whom service of summons or other process is sought.” Rule 4(a)(1) and (a)(4), Ala. R. Civ. P. (emphases added). In this case, although a summons and a copy of a complaint naming Childers as an
 
 individual party
 
 defendant might well have been properly served upon Kaiser, and have been effec
 
 *1055
 
 tive service upon Childers in his individual capacity, pursuant to Rule 4(c)(1), there is no indication in the text of Rule 4(c)(6) that the more liberal provisions allowing for service upon individuals can be utilized as a means of service of process upon a
 
 corporation.
 
 To affirm the trial court’s judgment, we would, in effect, hold that a corporation is no different from an individual for service of process, a proposition that the existence of the many subdivisions of Rule 4(c) implicitly rejects; we would, moreover, disregard the fundamental principle that “strict compliance with the rules regarding service of process is required,” in contravention of
 
 Ex parte Pate,
 
 673 So.2d 427, 429 (Ala.1995).
 

 In light of the facts and authorities we have discussed, we conclude that the trial court erred in denying Med-Call’s motion challenging the propriety of the default judgment entered against it. The trial court’s order denying relief from the default judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Although various documents filed by the patties use two different spellings for this person’s first name — "Jaime” and "Jamie”— both of her affidavits were signed “Jaime Kaiser,” indicating that that spelling is correct.
 

 [2]
 

 . Although Livingston cites Ala.Code 1975, § 10-2B-5.04, as controlling, that statute simply indicates the legality of service upon a corporation's registered agent while noting, in subsection (c), that that statute "does not prescribe the only means, or necessarily the required means, of serving a corporation.”